Dugas vs. Lawrence.

No. 104.—L. A. DUGAS, plaintiff in error, vs. SILAS LAW-
RENCE, defendant.

[1.] A sale of a chance in the Land Lottery, authorized by the Act of 1830,
was valid.

Ejectment, in Walker Superior Court.    Tried before Judge
TRIPPE, November Term, 1855.

This was an action of ejectment, in which the plaintiff re-
lied on the following title : William Whitcombe being entitled
to certain draws or chances in the Land Lottery of 1830, on
the 25th day April, 1832, said lottery being not yet drawn,
sold and transferred his draws or chances to L. A. Dugas, by
assignment under seal, and purporting to be for a valuable
consideration.

The same instrument contained a power of Attorney to John
W. Wilde, to take out the grant and make titles to Dugas for
such lots as Whitcombe might draw in said lottery.    He did
draw a lot ; and in December, 1832, Wilde, under said power
of Attorney, made a deed of said lot to Dugas.

The question was on the validity of this deed.    The Court
held the deed and assignment void; and on this decision, er-
ror is assigned.

ALEXANDER, for plaintiff in error.

AKIN; HULL, for defendant.

By the Court.—BENNING, J. delivering the opinion.

[1.] Was the sale of the chance valid ?

Chancellor Kent lays it down, "That all contingent and
executory interests are assignable in Equity, and will be en-
forced, if made for a valuable consideration ; and it is set-
tled that all contingent estates of inheritance, as well as

springing and executory uses, and possibilities coupled with an interest, where the person to take is certain, are transmissible by descent, and are devisable and assignable. If the person be not ascertained, they are not then possibilities coupled with an interest, and they cannot be either devised or descend, at the Common Law. Contingent and executory, as well as vested interests, pass to the real and personal representatives, according to the nature of the interest, and entitle the representatives to them when the contingency happens." (4 *Kent.* 269. (261 *old Ed.*)

This we take to be well supported by the authorities cited for it; and therefore, we regard it as a true statement of the law, so far as the present case is concerned.

Thus regarding it, we are constrained to consider the sale of the chance to have been valid.

This result would also, perhaps, be arrived at by treating the question as one governed entirely by our own Statutes.

The first Lottery Act, that of 1803, prohibited the sale of "tickets" in the lottery. There would have been no need of this prohibition, if the old law had already prohibited such sale.

The Lottery Act of 1806 contained no such prohibition, nor did that of 1818, whilst that of 1825 did. (*Clay's Dig.* 290; *Lam. Dig.* 416; *Daw. Com.* 255.) But in 1826 this prohibition was repealed. (*Daw.* 260.) Why was this repeal but to give persons a right to sell their chances? In the opinion of the Legislature, therefore, all that was needed to give them this right, was a repeal of the prohibitory law. The Legislature did not think an enabling law necessary, for it passed none.

And an opinion of the Legislature as to what the law was, so long entertained, so repeatedly manifested, and no doubt so extensively acted on by the people, is entitled to the greatest respect.

And it is to be remembered, that the Constitution of 1798 contains the following declaration: "And this Convention doth further declare and assert, that all the territory without the

present temporary line and within the limits aforesaid, is now, of right, the property of the free citizens of this State, and held by them in sovereignty inalienable, but by their consent."

Did not every free citizen of this State have some *vested* right in the public lands, before their partition by lottery or sale?

We think that the Court below erred in holding that the assignment and deed were void.