No. 27.—JOHN C. WITZEL, plaintiff in error, vs. WILEY PIERCE, adm'r &c., defendant in error.

[1.] ln an action of ejectment by an administrator, he offered in evidence, his letters of administration certified thus: "Given under my hand and seal, in office, this August the 7th, 1854.

JOSEPH GAR, Ordinary, D. C." [Decatur County.]

*Held*, that under the Act of 1852, organizing the Court of Ordinary anew, this was a sufficient certificate.

[2.] A deed made by the drawer before the grant issues, is not void, but is good to convey all the right which the drawer has.

Ejectment, from Fannin Superior Court. Tried before Judge TRIPPE, at November Term, 1856.

This was an action of ejectment brought by John Doe, ex dem. of Conrod Augley, and Wiley Pearce adm'r of Conrod Augley, against Richard Roe, casual ejector, and John C. Witzel, tenant in possession, for the recovery of lot of land No. 123, in the 9th district, 2d section, of originally Cherokee, now Fannin county.

Plaintiff first introduced a copy grant from the State to Conrod Augley, issued 1st day of July 1843; then the letters of administration from the Court of Ordinary of Decatur county, dated the 7th of August, 1854, on the estate of said Augley, granted to Wiley Pearce; proved defendant's possession, and the annual value of the premises, and closed.

Defendant objected to the introduction of the letters of administration, as evidence:

1st. Because they were not properly certified.

2d. Because the intestate Augley is not identified therein as being the same as the lessor of plaintiff in the first demise.

3d. Because there was no proof of the death of the plaintiff's lessor, in first demise.

The objections were overruled by the Court, and defendant excepted.

Defendant then introduced the *original grant* from the State to Conrod Augley, *a copy* of which was given in evi-

Witzel vs. Pierce, adm'r &c.

dence by the plaintiff, dated 1st of July 1843.  He then introduced a deed from Augley to Hiram Atkinson, for said lot, dated 7th October, 1833.  Also a deed from Jonathan Cox, Sheriff, to John Crumby, dated 7th December, 1843, citing that the land had been sold under a *fi. fa.* against Atkinson; and a deed from Crumby to defendant, dated 25th December, 1843.  He proved possession in himself for more than ten years, claiming and cultivating the same.

The presiding judge charged the jury that the deed from Augley executed prior to the issuing of the grant by the State, and before the passage of the Act of 1833, conveyed no title, and further charged, that the statute of limitations did not begin to run against plaintiff until the appointment of an administrator.  To which charge defendant excepted.

The jury found for the plaintiff the land in dispute, and one hundred dollars mesne profit.

Whereupon defendant tenders his bill of exceptions and assigns as error the rulings and charges of the Court above excepted to.

FRANCES, for plaintiff in error.

UNDERWOOD, representing MARTIN & BROWN, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court below right in admitting the letters of administration?  We think that the Court was.

There was a demise in the name of the administrator appointed by the letters.  The letters therefore, were pertinent to the issue on that demise.

The letters were certified thus:  "Given under my hand, and seal of office, this, August, the 7th, 1854.

JOSEPH GAR, Ordinary, D. C." [Decatur County.]

[1.] We think that this was a sufficient certificate, under

the Act of 1852, " to carry into effect the amended constitu-
tion, in reference to the Ordinaries." *Acts of* 1852, 91.

Since that act, the Court of Ordinary has been its own
clerk.

The deed from Augley was made before the grant had
been issued to him, and before the act of 1833, "to prescribe
the mode of selling land at Sheriff's sale, in the counties of
Lumpkin" &c, had been passed. These things being so,
the Court below charged the jury that the deed conveyed no
title, that is, as we understand the charge, conveyed no right.

Was this charge proper ?

We think not.

A draw in any of the land lotteries, gives the drawer a
right to the land on payment of the grant fees. This no body
disputes.

Such a right is *assignable.*

It must be as much assignable as is the right of the holder
of a bond for titles, conditioned for titles to be made to him
on the payment of the purchase money, for it is a right that
does not differ from that right, in any essential particular,
and that right is assignable.

This Court has held, that a *chance* for a draw is assign-
able, *Dugas vs. Lawrence,* 19 *Ga. Rep.,* 557.

Much more must the draw itself be assignable.

It is true, that the act aforesaid, of 1833, in its fourth sec-
tion, says that sales of land in certain counties, (in one of
which this land lies,) made before the grant shall have been
issued, shall be "void." *Cobb Dig.* 699.

But this act is evidence to show that the *Legislature*
thought, that without the act such sales would be good. If
they did not, why did they pass the act ? And the sale of
the land in question, in this case was made *before* the pass-
age of the act.

Again in 1841, the Legislature amending this act, declar-
ed that all sales which might be thereafter made by *Sheriffs
or Coroners* before the grant had issued, should be void; but

that all deeds which might be thereafter made, or which had been made since the act of 1833, *other* than those made by Sheriffs or Coroners, should be valid.

Now, among "deeds, other than those made by Sheriffs or Coroners," is it likely that the Legislature intended to make a discrimination, founded merely on the relation which their dates bore to the date of the act of 1833,—a discrimination to the effect, that those which were older than that act, should be void, but that those which were younger, should be valid? It is most unlikely. But if the Legislature intended that there should be no such discrimination, it must have intended that all should be valid, for it expressly said that some should be valid.

Doubtless the Legislature thought that this object would be accomplished by leaving deeds of a date prior to the act of 1833, as they were, and by a validating and repealing act for the others, such an act as that of 1841.

We think that the right was assignable.

There is nothing in this opinion adverse to the decision in *Doe, ex dem. Garlick vs. Robinson,* 12 *Geo. Rep.* 340.

In that case the decision was, that the drawer did not have such an interest in the land drawn, before the issuing of the grant, as was the subject of sale under a *fi. fa.* against him.

But there are interests which are assignable, although it may be that they are not the subject of levy, as that of the purchaser of land who has only a bond for titles, and who has not paid the purchase money. The interest of such a purchaser is only subject to be sold *after* the vendor has made a deed to the purchaser, and it is then subject, only by virtue of a special statute, *Cobb Dig.* 517. Yet he may assign it himself.

But, if the interest of the drawer was assignable, then it was assigned by the deed of Augley, and therefore some title or right was conveyed by that deed.

Consequently the charge of the Court to the effect that that deed conveyed no title, was erroneous.

In respect to the other charge, we can only say that it lays down what is the general rule, but that the rule is to be taken in connection with the doctrine on which *Jonekin vs. Holland*, 7 *Geo. Rep.*, and other similar cases are founded. See *Drummond vs. Hardaway* 21 *Geo. Rep.* 433.

We grant a new trial, but only on the one ground of the first charge.

I remark, that, in my opinion, Augley could have maintained ejectment on his *draw*, whilst the grant was unissued; and therefore, that, in my opinion, his assignee can. This point, however, being, perhaps, beyond the precise case presented to this Court, is not determined by this Court.

Judgment reversed.