PONDER *et al. vs.* SHUMANS.

1. In 1851, there was no general law requiring the court of ordinary to to have and use a seal of office, and letters of administration then issued were not inadmissible because such a seal was not attached thereto.

2. The signature of the clerk, without more, is sufficient as to the exemplification of the records of his office. This court is bound to take notice of who are the public officers of this State, where the law requires such officers to be commissioned by the governor; and when any suggestion is made that the signature of such officer is not genuine, it is incumbent upon him who makes the suggestion to prove it, the presumption being that the signature is genuine.

3. The presumption that public officers do their duty applied to the court of ordinary in issuing letters testamentary; and where the letters themselves declared that they were issued by the court of ordinary of the county of their issuance, and contained various recitals showing that they were properly issued, the presumption is that such recitals were true until the contrary appears, and the letters were admissible in evidence.

4. Without the introduction in evidence of the letters testamentary, a nonsuit would have been proper, but their rejection was error.

March 26, 1888.

Ejectment. Administrators and executors. Ordinary. Courts. Officers. Records. Evidence. Presumptions. Before Judge ATKINSON. Pierce superior court. March term, 1887.

Reported in the decision.

S. W. HITCH and HARRISON & PEEPLES, for plaintiff.

NICHOLLS & BRANTLEY, by brief, for defendant.

BLANDFORD, Justice.

This was an action of ejectment to recover a certain lot of land, and was brought in the name of John Doe on the demise of O. H. P. Ponder and J. W. H. Ponder, the executors of Amos Ponder, deceased, against Richard Roe and William Shumans, tenant in possession. Upon the trial, the plaintiffs tendered in evidence a certain document purporting to be letters testamentary granted by the court of ordinary of Monroe county, to O. H. P. Ponder and J. W. H. Ponder, as the executors of the last will and testament of Amos Ponder, deceased. This document

was objected to upon the grounds (1) that the letters did not appear to have emanated from the court of ordinary of Monroe county; (2) that there was no evidence that the letters were signed by the ordinary or the clerk of the court of ordinary; (3) that there was no seal of said court attached to and authenticating the same. The court sustained the objection and excluded the letters testamentary.

1. These letters were granted in March, 1851, and were in the usual form of letters testamentary prior to that time, or the form which, so far as we know, had been usually issued from the time of the passage of the act of 1799, constituting the justices of the inferior court a court of ordinary, and authorizing them to elect a clerk of that court and certify such election to the governor, and requiring the governor to commission the clerk, and prescribing his oath of office, duties, etc. The signature of Mr. Elbridge G. Cabaniss, clerk of the court of ordinary of Monroe county, is affixed to these letters, his certificate stating: "In testimony whereof I have officially set my hand and seal, this 3d day of March, 1851, and in 74th year of American independence. (Signed) Elbridge G. Cabaniss, Clerk Court Ordinary, (L. S.)" At that time there was no general law requiring the court of ordinary to have and use a seal of office. That was prior to the act of 1852, creating the court of ordinary as it now exists and providing for a seal. We find in 22 *Ga.* 112, in the case of *Witzel vs. Pierce, adm'r*, (an ejectment case) that letters of administration were tendered in evidence, purporting to be issued from the court of ordinary of Decatur county, and certified thus: "Given under my hand and seal of office, this August the 7th, 1854. (Signed) Joseph Gar, Ordinary, D. C," without any seal. This court held that that was sufficient without a seal. And such is our understanding of the law.

2. By express act, the signature of the clerk, without more, is sufficient as to the exemplification of the records

of his office in this State.   This court is bound to take no-
tice of who are the public officers of this State, where
the law requires such officers to be commissioned by the
governor; and when any suggestion is made that the sig-
nature of such officer is not genuine, it is incumbent on
him who makes the suggestion to prove it, the presump-
tion being that it is genuine.

3. There is another presumption in favor of the public
officers of this State, and that is, that they do their duty;
and the presumption is that this clerk of the court of or-
dinary did his duty in issuing these letters testamentary.
The letters themselves declare that they were issued by
the authority of the court of ordinary of that county, and
there are various recitals in the letters showing that they
were properly issued; and until the contrary appears, this
court will presume that they are true.

4. We think that the judge in the court below erred
in rejecting these letters testamentary.   After having re-
jected this testimony, he awarded a nonsuit.   This tes-
timony being out, the nonsuit was proper; but we think
he erred in rejecting the testimony, and the judgment
of the court below is therefore reversed.