## LAY, administrator, *v.* SHEPPARD.

1. The act of December 21, 1897, " to permit defendants in actions for the recovery of land held bona fide under adverse claim of title to set off the value of permanent improvements bona fide placed thereon," etc., is constitutional even as to improvements made before its enactment. LUMPKIN, P. J., dissenting.

2. A certificate signed by an ordinary for the purpose of authenticating a tran-

script from a record of file in his court does not conform to law unless it affirmatively discloses whether or not such ordinary was also the clerk of that court.

3. There was no error in granting a nonsuit.

Argued October 6, — Decided October 30, 1900.

Ejectment. Before Judge Janes. Haralson superior court. January term, 1900.

*W. F. Brown,* for plaintiff.
*Thomas & Hutchens,* for defendant.

LUMPKIN, P. J. This was an action of ejectment by G. D. Lay as administrator on the estate of Joseph George, deceased, against G. W. Sheppard. The defendant in his original answer set up the defense of title by prescription, and thereafter filed an amendment in which he alleged that he had purchased the land in good faith from one F. J. Bacon and had placed thereon divers improvements, the value of which was stated. In this connection the defendant prayed that in the event the legal title to the premises in dispute should be found to be in the plaintiff, the defendant might be allowed compensation for such improvements, in accordance with the provisions of the act of December 21, 1897, declaring it the right of "defendants in actions for the recovery of land held bona fide under adverse claim of title to set off the value of permanent improvements bona fide placed thereon," etc. See Acts of 1897, p. 79. It appeared from the allegations of this amendment that all of the improvements therein mentioned were made before the passage of this statute. The plaintiff demurred to the amendment, on the ground that the act relied on was unconstitutional, and that accordingly no valid defense could be predicated thereon. The demurrer was overruled, and the case proceeded to trial. The plaintiff introduced in evidence a duly certified copy of a plat and grant from the State to Joseph George, covering the land sued for, and then offered a document purporting to be a certified copy of letters of administration granted by the court of ordinary of Jackson county to the plaintiff upon George's estate. The certificate was in the following words: "Georgia, Jackson County. I, L. Y. Bradbury, Ordinary in and for said county, hereby certify that the above is a true extract from the records of this office. Given under my hand and official signature, this 11th day of Jan., 1900. L. Y. Brad-

bury, Ordinary." Upon objection, the court held that this certificate was not sufficient to admit the paper in evidence. The plaintiff, thereupon announcing that he had no further testimony to offer, was nonsuited.

1. This court, at the last term, held that the "improvement act" of 1897 was constitutional, and that a defense based upon its provisions was maintainable. *Mills* v. *Geer*, 111 *Ga.* 275. I was then, and am still, of the opinion that this act is not constitutional in so far as it relates to improvements made before its passage. The views of the majority are fully set forth in the opinion of Mr. Justice Lewis, who does not desire to say anything additional, and I adhere to every proposition stated in my dissenting opinion. Since, however, the remaining members of the court have undergone no change of opinion, it must now be held, over my protest, that the trial judge did not err in ruling that the amendment to the defendant's answer set up good matters of defense.

2. All of us agree that no error was committed in rejecting the copy of the letters of administration. "Ordinaries are, by virtue of their offices, clerks of their own courts; but they may, at their own expense, appoint one or more clerks." Civil Code, § 4247. "It is the duty of such clerks, or the ordinaries acting as such, . . to give transcripts likewise as they are required, and when the ordinary and the clerk are the same person, so to state in the certificates." Ibid. § 4250, par. 11. It will thus be seen that a certificate to an exemplification of a record of file in the court of ordinary must show upon its face whether it was signed by the ordinary himself acting as clerk, or by another holding the office of clerk by appointment. The terms of the statute are imperative, and so plain that they are incapable of receiving any construction other than that now placed upon them. As the certificate now under consideration was not executed in compliance with the law, the court did not err in holding that it was insufficient. We have not overlooked the decision of this court in the case of *Witzel* v. *Pierce*, 22 *Ga.* 112, to the effect that a certificate signed by the ordinary in his official capacity, and purporting to verify an exemplification of letters of administration, was sufficient. The decision then made was, however, based upon the act of 1852, which, as interpreted by the court, made the ordinary the clerk of his own court. A change in the law was introduced by the Code of 1863.

The 11th paragraph of the 316th section of that code is in identically the same language as the paragraph of the same number above quoted from section 4250 of the present Civil Code. It is therefore obvious that, in view of this change in the law, the decision in 22 *Ga.* has not, since the adoption of the original code, been authoritative upon our present question.

3. As the plaintiff failed to show by competent evidence that he was the administrator upon the estate of Joseph George, deceased, the judgment of nonsuit was of course right.

*Judgment affirmed. All concurring, except Little, J., absent.*