### ROBERTSON *et al. v.* HILL.

A paper in the form of a will, which has these words written thereon:
"Charlotte     her     Young," immediately following the writing in
mark
which a disposition of the property of Charlotte Young is made, and just preceding an attestation clause declaring that Charlotte Young executed the paper as her last will in the presence of the three subscribing witnesses, was duly probated. The judgment of probate was not void and open to collateral attack on the ground that the paper on its face showed that it had never been signed as a will.

Submitted July 18,—Decided December 17, 1906.

Complaint for land. Before Judge Fite. Bartow superior court. January 18, 1906.

*T. J. Lyon* and *G. H. Aubrey,* for plaintiffs.

*Thomas W. Milner & Sons,* for defendant.

EVANS, J. Perry Robertson and Alonzo Robertson brought their complaint for land against John W. Hill. On the trial of the case, among the muniments of title relied on by the plaintiffs for a recovery was the will of Charlotte Young. The bill of exceptions re-

cites that the plaintiffs offered in evidence a certified copy of her last will and testament (which is therein fully set forth), signed "Charlotte <sup>her mark</sup> Young," and duly attested by three witnesses. Attached to the will was the following certificate: "Georgia, Bartow County. I, G. W. Hendricks, Ordinary in and for said County, hereby certify that the paper to which this certificate is attached is a full, true, and correct copy of the last will and testament of Charlotte Young, col'd; that the original will of the said Charlotte Young, col'd, was duly probated, proven, and admitted to record, Nov. 2, 1885, in common form, as appears of record in the Ordinary's office of said County. Witness my hand and seal of office, this the 10th day of Jan. 1906. G. W. Hendricks, Ordinary, Bartow County, Ga." The bill of exceptions further recites: "Plaintiffs then introduced in evidence, without objection, Book 'B' of Wills, page 14, from the records of the Ordinary's office of said County, upon which said page is recorded an exact copy of the foregoing will and testament of Charlotte Young, except that the record shows a cross-mark in the place which is left blank in the original will. It was admitted by both defendant and plaintiffs that the original will, the signature of the testator thereto and the record of the same upon page 14, Book 'B' of Wills, was in the handwriting of J. A. Howard, at that time Ordinary of Bartow County, Ga. Upon motion of defendant, the court ruled that the certified copy of the said will was inadmissible in evidence, and ordered a nonsuit against plaintiffs, on the ground that the aforesaid will of Charlotte Young was not in fact her will and testament and could not be admitted in evidence by certified copy, for the reason that the said Charlotte Young had not set her mark in the blank space apparently left therefor in said will." To this ruling the plaintiffs except.

We are left somewhat in doubt, from the foregoing recitals in the bill of exceptions, as to what actually transpired in the trial court. If the authenticated copy was excluded on the ground of the variance between it and the record with respect to the cross-mark in the signature of the testatrix, the nonsuit was clearly erroneous. A will can not be legally recorded by the ordinary until after it has been duly probated, and an exemplified copy of a will from the ordinary's office is presumptive proof of the due

probate thereof. *Thursby* v. *Myers, 57 Ga.* 155. The court had before it both the original record and the authenticated copy of the will. If the record of the will is to have any probative force at all, it is evident that the will was duly probated and admitted to record; and if the court excluded the authenticated copy because of the variance between the form of the signature appearing in it and that appearing in the original record, then the will, as it appeared upon the record, had the force and effect of a muniment of title. The defendant could have objected to proving the will by introducing the original record of it, or he could waive his right to compel an authenticated copy of the will and allow the record to go in evidence. The sole effect of excluding the certified copy was to leave unchallenged the original record of the will, it having been admitted in evidence without objection. This record established the factum of the probate, because the ordinary could not legally have placed the will on record until it had been probated.

On the other hand, if the trial judge treated the certified copy as an exemplification, not of the record of the will, but of the original will itself on file in the ordinary's office, and ruled that the will showed upon its face that it had never been signed by the testatrix and that the probate was of a testamentary paper which was for that reason void on its face, then the inquiry is whether, in view of the admission of counsel as to the handwriting of the person who drew the will and signed to it the name of Charlotte Young, the court was right in holding that the instrument had not in point of fact been executed according to the provisions of the statute. The Civil Code, § 3272, declares: "All wills (except nuncupative wills) disposing of realty or personalty must be in writing, signed by the party making the same, or by some other person in his presence and by his express direction, and shall be attested and subscribed in the presence of the testator by three or more competent witnesses." It is not necessary to the validity of a will executed by an illiterate person that she should sign it by her mark. All that the law requires of a person who is unable, because of illiteracy or bodily infirmity, to sign a will is that she shall authorize and direct some other person to sign her name to the will in her presence. Assuming, then, that the cross-mark was omitted from the signature appearing on the original will, and at the time it was offered for probate an inspection of it would suggest the idea that it was

drawn up with the intention of having Charlotte Young sign it by her mark, then it became a question for the ordinary to determine upon proper proof, whether she had intended to sign the will with her mark, but had failed to carry out her intention, or had directed some other person to sign her name to the paper in her presence and this person had selected the form of signature adopted with a view to making it appear that the signature, though not in the handwriting of the testatrix, had been made by her authority. In other words, before the ordinary could probate the will, he must have been satisfied by satisfactory proof that the will had been executed by the testatrix in one of the forms prescribed by law. After the lapse of seven years, a judgment of probate becomes conclusive as to the factum of due execution of the will (Civil Code, § 3283), unless the fact appears on its face that it was not executed pursuant to law. *Gay* v. *Sanders*, 101 *Ga.* 601. The instrument relied on as a will in the present case did not conclusively show on its face that it was never signed, in a legal sense, by Charlotte Young. As already suggested, the placing of the words "her mark" in the position they occupied relatively to the signature affixed by the person who drew the will was open to explanation, and the fact may have been that it was never contemplated that she should sign the will by filling in the blank space with her cross-mark, but she requested the scrivener to subscribe her name to the will in her presence, and he adopted the form of signature which it bears. We accordingly hold that the certified copy was not one of an instrument which was on its face a nullity; and this being so, it follows that the judgment of probate was not open to collateral attack. *Sutton* v. *Hancock*, 118 *Ga.* 436, 442. In any view of the matter, the nonsuit was erroneous.

*Judgment reversed. All the Justices concur.*