## Smallwood *et al. v.* Kimball *et al.*

Atkinson, J. 1. An action of ejectment was brought in the name of four plaintiffs. Before the trial one of them entered a retraxit upon which judgment was entered by the court in favor of the defendants against such plaintiff, and he was dismissed from the suit. The case proceeded to trial, which resulted in a verdict for the defendants. Thereafter a motion for new trial was filed by the plaintiffs, which, being overruled, a bill of exceptions was sued out in which all four of the original plaintiffs were described as plaintiffs in error. A pauper affidavit was filed

by the three plaintiffs who remained parties to the suit. When the case was called in the Supreme Court, attention was called to the fact that one of the plaintiffs in error, that is, the one who had filed the retraxit in the court below, had filed no pauper affidavit. Counsel for the plaintiffs in error then moved to strike the name of this plaintiff in error from the bill of exceptions wherever it occurred. *Held,* that such motion will be granted, and the fact that the plaintiff in error thus stricken has failed to file a pauper affidavit will not work a dismissal of the writ of error.

2. When there is no clerk of a court of ordinary, the judge is ex-officio clerk. A certificate of the ordinary purporting to certify a copy of marriage license appearing of record in his office does not render the copy admissible in evidence, unless it is made affirmatively to appear that there is no clerk other than the ordinary. *Sellers* v. *Page,* 127 *Ga.* 634 (3) (56 S. E. 1011); *Lay* v. *Sheppard,* 112 *Ga.* 111 (37 S. E. 132).

3. A material issue in this case was whether a certain alleged marriage was lawful, and the improper admission of the marriage license in evidence is sufficient cause for the grant of a new trial.

4. There are a number of assignments of error which are so indefinite as to render it doubtful whether under the rulings of this court they may be considered, but they, as well as all other objections to the judgment refusing to grant a new trial, relate to such matters as probably will not occur in the same way upon another trial, and we will not rule upon any other question than those dealt with in the preceding headnotes.                    *Judgment reversed. All the Justices concur.*

Argued April 23,—Decided August 10, 1907.

Complaint for land. Before Judge Bartlett. Douglas superior court. April 18, 1906.

*J. S. James,* for plaintiffs.

*B. G. Griggs* and *W. A. James,* for defendants.