1149. PHILLIPS *v.* BABCOCK BROTHERS LUMBER CO.

1. Where the plaintiffs in an action for trespass upon land sought to establish title to the land, and consequent ownership of certain timber, by proof of possession, but failed to show either actual possession of that portion of the land upon which the trespass was shown to have been committed, or constructive possession of the entire tract under color of title, they failed to prove the case as laid, and a nonsuit was properly awarded.

2. The court did not err in excluding the copy of the will, offered in evidence as color of title. A certified copy of a will is evidence of its probate; and for a copy of a will to be introduced in evidence, no matter what the purpose of its introduction, the certificate authenticating the transcript of its record must be signed by the clerk of the court of ordinary; and if the ordinary has no clerk, that fact must appear by the ordinary's signing as ex-officio clerk of the court of ordinary.

Action for damages, from city court of Miller county—Judge Bush. February 25, 1908.

Submitted July 28, 1908.—Decided February 16, 1909.

*William I. Geer,* for plaintiffs.

*Russell & Hawes, Bush & Stapleton,* for defendant.

RUSSELL, J. B. A. Phillips and Giley Phillips, father and son, brought suit for damages, against the lumber company, for trespass on land lot No. 1, in the 13th district of Miller county. At the conclusion of the plaintiffs' evidence on the trial, the judge, on the defendant's motion, awarded a nonsuit. A motion to reinstate the case was overruled; and exception is taken to this judgment. The plaintiffs proved that they had been in possession of the lot in question for more than twenty years, and that about twenty-five acres were cleared and in cultivation. The lines of lot No. 1 in the 13th district of Miller county are marked, and the surveyor's old marks can be seen on the trees. No timber was cut from the twenty-five acres in cultivation. The plaintiffs claimed the lot as heirs-at-law of Mrs. Pamelia Rebecca Phillips, deceased, who was the wife of B. A. Phillips and the mother of Giley Phillips. Mrs. Phillips had six children, all of whom were dead at the time of the filing of the suit, except Giley. As the plaintiffs had no written muniment of title, and as the possession was only shown to extend to twenty-five or thirty acres, from which no timber had been cut by the defendant, they offered to introduce, as evidence of their constructive possession of the whole of the lot, what purported to be a certified copy of the will of West Sheffield, Mrs. Phillips' father. The certificate to this copy was signed by the ordinary, and the copy was rejected by the court, upon the objection made, that the certificate did not show that the ordinary had no clerk and was acting as ex-officio clerk of the court of ordinary. It is apparent, therefore, that the question whether the judge erred in granting a nonsuit depends entirely upon whether his ruling upon the certified copy of the will was error. The point seems to have been expressly ruled in *Lay v. Sheppard,* 112 *Ga.* 111 (37 S. E. 132), in which it was decided that "a certificate signed by an ordinary for the purpose of authenicating a transcript from a record of file in his court does not conform to law unless it affirmatively discloses whether or not such ordinary was also the clerk of that court." In the body of the decision Judge Lumpkin, delivering the opinion of the court, says: "All of us agree that no error was committed in rejecting the copy of the letters of administration. 'Ordinaries are, by virtue of their offices, clerks of their own court; but they may, at their own expense, appoint one or more clerks.' Civil Code, §4247.

'It is the duty of such clerks, or the ordinaries acting as such, . . to give transcripts likewise as they are required, and when the ordinary and the clerk are the same person, so to state in the certificates.' Ibid. §4250, par. 11. It will thus be seen that a certificate to an exemplification of a record of file in the court of ordinary must show upon its face whether it was signed by the ordinary himself acting as clerk, or by another holding the office of clerk by appointment. The terms of the statute are imperative, and so plain that they are incapable of receiving any construction other than that now placed upon them. As the certificate now under consideration was not executed in compliance with the law, the court did not err in holding that it was insufficient. We have not overlooked the decision of this court in the case of *Witzel* v. *Pierce,* 22 *Ga.* 112, to the effect that a certificate signed by the ordinary in his official capacity, and purporting to verify an exemplification of letters of administration, was sufficient. The decision then made was, however, based upon the act of 1852, which, as interpreted by the court, made the ordinary the clerk of his own court. A change in the law was introduced by the Code of 1863. The 11th paragraph of the 316th section of that code is in identically the same language as the paragraph of the same number above quoted from §4250 of the present Civil Code. It is therefore obvious that, in view of this change in the law, the decision in 22 *Ga.* has not, since the adoption of the original code, been authoritative upon our present question." See also *Smallwood* v. *Kimball,* 129 *Ga.* 50 (58 S. E. 640).

Counsel for the plaintiffs in error cited the decisions in *Thursby* v. *Myers,* 57 *Ga.* 155, *Smith* v. *Ross,* 108 *Ga.* 199 (33 S. E. 953), and *Robertson* v. *Hill,* 127 *Ga.* 175 (56 S. E. 289), as sustaining a contrary view. An examination of these cases, however, shows that the point raised by the objection of the defendant in this case, and which is sustained by the decision in the *Lay* case, supra, was not involved in any of them. In *Thursby's* case, supra, the objection made was that the will offered in evidence was not properly probated, and not that it was not properly certified. In *Smith* v. *Ross,* supra, although the certificate of the ordinary was signed by P. T. McGriff, N. P., the objection that the will was improperly certified was not made; and although Judge Little, in delivering the opinion of the court, holds that the copy record was properly

admitted, because certified by the ordinary under the seal of his court, the point now before us was not before the Supreme Court for adjudication. The point in that case was whether it was necessary for the ordinary to sign each order granted by him, or whether his signing the minutes did not suffice as a signing of each order embraced in the minutes. In the *Robertson* case, supra, nothing is ruled except that the alleged will of one who had not made her mark in the space usually used for that purpose was not necessarily not her will for that reason. In other words, the express point ruled was that a will might be good if the testator authorized another to sign it for him, even if such scrivener wrote the name of the testator with the usual words "his mark" placed, as is usually done, for the signature of the maker, and yet the maker did not sign by mark or otherwise. We think, therefore, that the court did not err in excluding the certified copy in accordance with the objection urged. Without the will or any other evidence of title, the possession of the plaintiffs could not extend beyond that portion of tract which was actually in possessio pedis; and no timber having been cut from this portion of the tract, a judgment of nonsuit was inevitable.      *Judgment affirmed.*