20534. ESPY *et al. v.* ASH.

JENKINS, P. J. 1. In a suit for damages against the owner of an automobile and his minor son, for injuries alleged to have been sustained by the plaintiff by reason of the negligence of the son in operating the father's automobile and colliding with another car, in which plaintiff was riding as an invited guest, where the petition alleged and there was some evidence going to show that the automobile of the father was kept and maintained for the comfort, convenience, and pleasure of the family, and that on the occasion of the injury to the plaintiff the son, as a member of the family, was driving the car by the express permission of his father, for his own pleasure, under the ruling of the Supreme Court in *Griffin* v. *Russell,* 144 *Ga.* 275, 287 (87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994), it can not be said, as a matter of law, that a recovery against both defendants would not be authorized. The ruling by this court in *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (94 S. E. 636), is distinguishable from that of the Supreme Court in the *Griffin* case, supra, on which the ruling here made is based, in that in the *Dougherty* case the automobile was being driven by the defendant's son, not as a member of the family and in pursuance of the purposes for which the automobile was bought and maintained, but on a particular business errand of his own.

2. While negligence on the part of a driver of an automobile is not imputable to one riding therein as a guest and having no control over the movements of the driver in operating the vehicle (*Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807), still if such invited guest is injured solely by reason of such negligence on the part of the driver of the car, a recovery for the injury can not be had against a third person. *Georgia Ry. & Power Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S. E. 787). Accordingly, where, as in the instant case, it was contended by the defendants in their pleadings that the injury to the plaintiff was caused by negligence on the part of the driver of the automobile in which she was riding, and the evidence on this issue was in sharp conflict, but would have authorized a finding in favor of such contention of the defendants, it was error to charge the jury that negligence on the part of the driver of the car in which plaintiff was riding would not be imputable to her, "*and any negligence on his part would not preclude recovery by her,* provided you should find that the defendant in this case was guilty of

negligence." While the evidence authorized a finding in favor of the plaintiff on the theory that both the defendant driver and the driver of the car in which the plaintiff was riding were guilty of negligence proximately contributing to her injury, as was the case in *Seaboard Air-Line Ry.* v. *Barrow*, 18 *Ga. App.* 261 (89 S. E. 383), it does not demand a finding in favor of the plaintiff upon such a theory, and the charge given deprived the defendants of the defense pleaded, and which there was evidence to support, that the injury to the plaintiff was caused proximately and solely by negligence on the part of the driver of the car in which she was riding.

3. The remaining assignments of error relate to matters not likely to arise on another trial, and it is not necessary to deal with them here.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided January 15, 1931.

B. E. Neal, C. D. Rivers, for plaintiffs in error.
Porter & Mebane, contra.