## POWELL, Ordinary, *v.* HANSARD.

No 16930. FEBRUARY 14, 1950.

506

*Davis & Friedin,* for plaintiff in error.
*Robert S. Horne,* contra.

HEAD, Justice. "There are two essential requisites of a valid application for mandamus to enforce a right, viz.: the legal duty imposed on the defendants to do the thing they are asked to do; and a pecuniary loss to the plaintiff for which he can not be compensated in damages." *Atlantic Ice & Coal Corp.* v. *Decatur*, 154 *Ga.* 882 (115 S. E. 912). Ordinaries may be compelled to perform ministerial duties imposed upon them by law. *Head* v. *Waldrup*, 193 *Ga.* 165 (17 S. E. 2d, 585). "To entitle one to the writ of mandamus, it must appear that he has a clear legal right to have performed the particular act which he seeks to have enforced." *City of Atlanta* v. *Blackman Health Resort*, 153 *Ga.* 499, 505 (113 S. E. 545).

The Code, § 24-1801, provides: "The ordinaries are, by virtue of their offices, clerks of their own courts; but they may, at their own expense, appoint one or more clerks, for whose conduct they are responsible, who hold their offices at the pleasure of such ordinary." By § 24-1804 (11) it is provided: "It is the duty of such clerks, or the ordinaries acting as such. . . To give transcripts likewise as they are required; and when the ordinary and the clerk are the same person, so to state in the certificates."

The petition in this case alleges that, when the ordinary certified to the copies of papers on file in his office, "he failed and refused to certify that he was the Ex Officio Clerk of the Court of Ordinary," and it is contended that the plaintiff was entitled to have the copies so certified. He prayed that the ordinary "be required to certify to them as Ordinary and Ex Officio Clerk of the Court of Ordinary of Dooly County," and the judgment making the mandamus absolute required that the copies be certified as prayed.

Our Code does not prescribe any exact form which shall be used by the ordinary when certifying copies of records in his office, or any exact form that shall be used by a clerk in the office of the ordinary when certifying to copies of such records. While a certificate as requested by the plaintiff would be in substantial compliance with the Code, §§ 24-1801 and 24-1804 (11) (*Weeks* v. *Hosch Lumber Co.*, 133 *Ga.* 472, 66 S. E. 168), the ordinary could have properly certified the copies without using the language directed by the mandamus absolute.

In *Lay* v. *Sheppard*, 112 *Ga.* 111 (37 S. E. 132), it was said that a certificate by the ordinary "does not conform to law unless it affirmatively discloses whether or not such ordinary was also the clerk of that court." Since the Code, § 24-1801, provides that ordinaries are, "by virtue of their offices, clerks of their own courts," a certificate by the ordinary in which he states that by virtue of his office he is clerk of his own court would comply with the requirements of § 24-1804 (11).

In *Sellers* v. *Page*, 127 *Ga.* 634 (3) (56 S. E. 1011), it was said that an ordinary's certificate sufficiently authenticates the record when it appears affirmatively in the certificate "that the ordinary had no clerk and was acting himself as the clerk of his own court." In *Smallwood* v. *Kimball*, 129 *Ga.* 50 (2) (58 S. E. 640), it was said that a certificate by an ordinary "does not render the copy admissible in evidence, unless it is made affirmatively to appear that there is no clerk other than the ordinary." A certificate by the ordinary that he has "no clerk" would be a substantial compliance with the requirements of the rule stated in the *Smallwood* case.

Conceding, but not deciding, that the other essential requisite, "pecuniary loss to the plaintiff for which he can not be compensated in damages," was made sufficiently to appear by the allegations of the petition, the plaintiff could not demand, and could not require, that the certificate of the ordinary be, in a particular form.

The petition nowhere alleges that the ordinary did not certify that he had "no clerk," or that he "was acting himself as the clerk of his own court," or that he was "also the clerk of that court." Certain facts are required by § 24-1804 (11) to appear in the certificate of the ordinary, but these facts could be made to appear in various forms of a certificate, and, in so far as appears from any allegation in the petition, the essential facts may have been stated by the ordinary in the certificate which he attached to the papers requested. The petition failed to state a cause of action for mandamus, and the court erred in overruling the general demurrer.

The writer in the subsequent discussion is expressing personal views with reference to the information required in a certificate by an ordinary in this State.

The decisions of this court in *Lay* v. *Sheppard,* supra, *Sellers* v. *Page,* supra, and *Smallwood* v. *Kimball,* supra, are correct and sound in so far as they hold that it is the duty of the ordinaries in certifying copies of records from their offices, "when the ordinary and the clerk are the same person, so to state in the certificates." This is the requirement of the Code, and was the law at the time the *Lay* case was decided in 1900. The language appearing in § 24-1804 (11) was incorporated in the Codes of 1863, 1882, and 1895, in exactly the same language and form as it appears in the Code of 1933. The writer does not agree, however, that a certificate by the ordinary would not be admissible in evidence in this State "unless it is made affirmatively to appear that there is no clerk other than the ordinary."

In *Witzel* v. *Pierce,* 22 *Ga.* 112, this court held that a certificate: "Given under my hand, and seal of office, this, August the 7th, 1854. Joseph Gar, Ordinary, D. C.," was a proper certificate. In *Lay* v. *Sheppard,* supra, at page 113, this court distinguished *Witzel* v. *Pierce* on the ground that there had been a change in the law. Section 4250 of the "present Civil Code" as referred to by the court in *Lay* v. *Sheppard,* supra, is in the identical language of § 24-1804 (11), Code of 1933. It must be conceded that by § 4250 of the Code of 1895, and by § 344 of the Code of 1882, there had been an additional fact required of ordinaries in their certificates to transcripts of records from their offices.

If an ordinary fails to comply with the requirements of the Code, § 24-1804 (11), in that the certificate contains no reference to a clerk of his court, would the ordinary's certificate be inadmissible in evidence in the courts of this State?

Under the Constitution of 1945, art. 6, sec. 6, par. 1 (Code, Ann., § 2-4101), the office of ordinary of this State is a constitutional office. Likewise, under the Constitution of 1877, art. 6, sec. 6, par. 1, the office of ordinary was a constitutional office.

In *Bailey* v. *McAlpin,* 122 *Ga.* 616, 619 (50 S. E. 388), it was held: "The courts of this State are bound to take judicial notice of who are the public officers of the State holding under commissions issued by the Governor. *Ponder* v. *Shumans,* 80 *Ga.* 506 (2) (5 S. E. 502); *Abrams* v. *State,* 121 *Ga.* 170 (48

S. E. 965). The ordinaries of the several counties of this State are commissioned by the Governor. . . Judicial notice will be taken of the fact that he was the incumbent of that office at the time of the official acts alleged to have been performed by him." The same rule is stated in *Ponder* v. *Shumans,* 80 *Ga.* 506 (2), which was decided prior to *Lay* v. *Sheppard,* supra.

Since ordinaries are constitutional officers, commissioned by the Governor, and the courts of this State are bound to take judicial notice of the fact that the incumbent in an office of ordinary is the holder of that office, his certificate to public records in his office should be admissible upon the trial of any cause in the several courts of this State (when such records are germane to issues on trial). The fact that an ordinary may not furnish the information in his certificate as to whether or not he has a clerk, should not invalidate the certificate by the ordinary, where it is otherwise complete.

Where the ordinary's certificate is attached to copies of records germane to an issue on trial in another State, it then is material whether or not the ordinary has a clerk. Duly authenticated copies, under acts of Congress, for introduction in evidence in courts of another State are properly required to be in more detail than is required where the copies are to be offered in evidence in this State on the certificate of an official judicially recognized.

The writer, therefore, reaches the conclusion that a certificate by an ordinary in the form set out in *Witzel* v. *Pierce,* supra, is sufficient to authorize the introduction of the copies so certified in evidence in any court of this State, and that the requirement that the ordinary certify as to who is acting as clerk of his court is not mandatory, but purely directive.

*Judgment reversed. All the Justices concur.*