35296. SERVICE WHOLESALE COMPANY *v.* REESE,
next friend, etc.

Decided January 18, 1955.

*Beck, Goodrich & Beck, T. J. Long, B. L. Weinberg,* for plaintiff in error.

*Wm. T. Dean, John J. Flynt, Jr.,* contra.

NICHOLS, J. 1. Error is assigned in special ground 4 on the following portion of the charge of the court: "If the plaintiff had the right or was under duty to control or influence the driver's conduct, any negligence of the driver which contributed to causing the collision would be imputable in law to the plaintiff and the plaintiff would be responsible for such conduct of the driver; unless the plaintiff had some such right or was under some such duty, the negligence of the driver, if any, would not be imputable to him, and *he would not be responsible therefor.*" The italicized part of the excerpt is contended to be erroneous in that it imposed liability on the movant "even though the negligence of the driver of the automobile in which the plaintiff was riding was the proximate cause of the plaintiff's injuries," and "permitted the jury to award damages to the plaintiff without regard to whether the negligence of the driver of the car in which the plaintiff was riding, although not imputable to the plaintiff, was nevertheless the proximate cause of the plaintiff's injuries." In this connection the plaintiff in error cites *Espy* v. *Ash,* 42 *Ga. App.* 487 (156 S. E. 474), and *Georgia Ry. &c. Co.* v. *Bryans,* 35 *Ga. App.* 713 (134 S. E. 787). In the *Espy* case, the charge requiring reversal was to the effect that *any* negligence of the host driver would not preclude recovery by the guest; and, in

the other case cited, the erroneous charge was that the plaintiff guest could not recover if the host driver's negligence was the proximate cause of the guest's injuries *and if* the defendant was free from negligence. These decisions have no application in the present case, for the portion of the charge attacked deals solely with imputation of negligence and merely instructs that, under given circumstances, a guest is not responsible for the host's negligence, if any. This ground is without merit.

2. The excerpt from the charge complained of in special ground 5, which appears to be only an amplification of that above quoted, also attempts to deal with the question of imputed negligence. Undoubtedly due to a *lapsus linguae*, the charge as it appears in the record is without meaning. But under no construction of this portion of the charge as given could the jury have believed that they were being instructed to return a verdict for the plaintiff regardless of liability on the part of the defendant, as contended, and this special ground of the motion for new trial does not show error harmful to the movant.

3. In special ground 6, error is assigned on the court's submission to the jury of the vehicle speed limit and also the provisions of Code (Ann. Supp.) § 68-301 (a), that no person shall operate a motor vehicle at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of the street or highway, nor so as to endanger life, limb, or property, on the ground that neither the pleadings nor the evidence made these rules of law applicable to the case. It is true that there is nothing in the record indicating that either vehicle was exceeding the speed limit. But the principle charged applied equally to the drivers of both vehicles, and so could not have misled the jury or affected the verdict. An irrelevant or inapplicable charge is not ground for reversal unless it is likely to have misled the jury or to have affected the verdict. *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389, 393 (3) (46 S. E. 405); *Long* v. *Gilbert*, 133 *Ga.* 691 (5) (66 S. E. 894). This ground fails to show error.

4. The court charged the jury as to the form of their verdict if they found in favor of the plaintiff, and further charged: "You could not find a verdict for a greater amount than $15,000 [the amount sued for], but any amount up to that much you can

return a verdict on it." It is contended in special ground 7 that the court thus intimated that the plaintiff ought to recover a substantial amount, and that such a verdict would be approved.

The court expressed no more to the jury than that it was within their discretion, if they found for the plaintiff, to fix the amount of the verdict in the suit, claiming damages for pain and suffering, at some figure up to, but not greater than, the amount sued for. In *Proctor* v. *Pointer*, 127 *Ga.* 134 (56 S. E. 111), it was held reversible error for the court to charge that the jury could not find more than the amount sued for, "although you might in your opinion think that the plaintiff was entitled to a great deal more." The implication of such an expression is not present in the charge here complained of. The statement that the plaintiff could not recover an amount greater than that sued for went to uphold, and not prejudice, the defendant's interests. The charge was not erroneous.

5. The court did not err in refusing to admit in evidence a copy of a plea of guilty by the plaintiff's brother, a witness in the case, and the driver of the car in which the plaintiff was riding. The record offered contains as its only certification the following: "I hereby certify that this is a true and correct copy of the records in this office of the case stated above, as it appears on record in Misdemeanor Docket Book 2 page 181, case 1639. A. M. Bennett, Ordinary, Rockdale County, 1-29-54 (s) A. M. Bennett."

The law requires that such an exemplification be made by the clerk of the court of ordinary if there is one, and, if there is no clerk, the ordinary may sign as ex officio clerk, but this fact must appear and, when it does not so appear, the document offered is not admissible in evidence. *Sellers* v. *Page,* 127 *Ga.* 633 (3) (56 S. E. 1011); *Smallwood* v. *Kimball,* 129 *Ga.* 49 (2) (58 S. E. 640); *Lay* v. *Sheppard,* 112 *Ga.* 111 (2) (37 S. E. 132); *Phillips* v. *Babcock Bros. Lumber Co.,* 5 *Ga. App.* 634 (2) (63 S. E. 808); Code § 24-1804 (11). Special ground 8, complaining of the exclusion of this evidence, is without merit.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*