21114. JONES v. MILLS, Warden.

Argued January 10, 1961—Decided February 9, 1961—Rehearing denied February 23, 1961.

*Grigsby H. Wotton, D. R. Jones,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Eugene L. Tiller,* contra.

HEAD, Presiding Justice. The petitioner alleges that, at the time of his indictment, he was a "State official." Each of the six counts of the indictment charged the petitioner, Jim E. Jones, with a felony, it being charged that, while "Director of the Motor Fuel Tax Unit of the Department of Revenue of the State of Georgia," he committed the acts and crimes charged in the indictment.

"An individual who has been appointed or elected in a manner prescribed by law, who has a designation or title given him by law, and who exercises functions concerning the public, assigned to him by law, is a public officer." *Bradford v. Justices of Inferior Court,* 33 Ga. 332 (2); *Polk v. James,* 68 Ga. 128; *Wiley v. City of Sparta,* 154 Ga. 1, 14 (114 S. E. 45, 25 A. L. R. 1342); *Bank of Chatsworth v. Hagedorn Construction Co.,* 156 Ga. 348, 358 (119 S. E. 28).

This court is required to take judicial cognizance of "all laws and resolutions of the General Assembly." *Code* § 38-112. "This court is bound to take notice of who are the public officers of this State, where the law requires such officers to be commissioned by the Governor; . . ." *Ponder v. Shumans,* 80 Ga. 505 (2) (5 S. E. 502); *Abrams v. State,* 121 Ga. 170 (48

S. E. 965) ; *Powell v. Hansard,* 206 Ga. 505, 509 (57 S. E. 2d 677).

Under the Constitution and laws of this State, there is no such office, and no such official, as "Director of the Motor Fuel Tax Unit of the Department of Revenue of the State of Georgia," and under the applicable rules of law, we take judicial notice that there has been no oath of office administered by the Governor, nor any commission issued by the Governor, to any such officer or official as Director of the Motor Fuel Tax Unit of the Department of Revenue, pursuant to *Code* §§ 89-201 and 89-202. There being no such office, and no such official, under the Constitution and laws of this State, the petitioner was not entitled to the rights provided by *Code Ann.* § 40-1617 (which was enacted pursuant to the provisions of *Code* §§ 89-9907 and 89-9908), and applicable only to State officials who hold an office created under the Constitution or laws of this State.

Under the authority delegated to the State Revenue Commissioner of the Department of Revenue of the State of Georgia, he may, for any reason satisfactory to himself, designate a person as "Director" of some "Tax Unit," but such designation by the State Revenue Commissioner can not create an office or official, and the person so designated by the State Revenue Commissioner is not a State official or public official within the terms and provisions of *Code Ann.* § 40-1617. Each count of the indictment in clear, definite, and specific terms charged Jim E. Jones with a felony; and, since there was no such office as Director of the Motor Fuel Tax Unit of the Department of Revenue, this designation of the petitioner as such director in the indictment would not make the indictment void as now contended by him.

2. Under the law of this State, the prisoner, upon being arraigned, may demur to the indictment, plead to the jurisdiction of the court, or file a plea in abatement or in bar. *Code* § 27-1501. If such pleas are not made preliminary to the trial, they are held to be waived in contemplation of law. *Code* § 102-106; *Hill v. State,* 41 Ga. 484 (2) ; *Hall v. State,* 103 Ga. 403 (29 S. E. 915) ; *Bradford v. Mills,* 208 Ga. 198 (66 S. E. 2d 58).

The defendant having waived copy of the indictment, full panel, formal arraignment and having entered a plea of guilty, and the indictment not being void as contended by the defendant,

the defects in the indictment, if any, were waived by failure to plead thereto, and by entering the plea of guilty. The defendant will not now be permitted by habeas corpus to raise questions that should have been raised prior to his plea of guilty.

*Judgment affirmed. All the Justices concur.*