## 21355.  GOOLSBY *et al.* v. NAILS *et al.*

SUBMITTED SEPTEMBER 11, 1961—DECIDED OCTOBER 9, 1961.

*Ogden Doremus, Aaron Kravitch,* for plaintiffs in error.
*Milton C. Grainger,* contra.

ALMAND, Justice. ■ The special grounds complain of the direction of the verdict against the plaintiffs and a charge pertaining thereto. Such direction and charge were based on the theory that no evidence of legal title in the plaintiffs was introduced, and thus no cause of action could be maintained by them for trespass and wrongful cutting of timber. At the trial evidence was introduced by the plaintiffs showing the location of the tract of land from which the timber was cut and the amount of timber cut therefrom. The plaintiffs then introduced a copy of a will dated May 14, 1932, under which they claimed a direct chain of title. They further introduced a copy of a judgment dated October 19, 1932, passing title of the disputed land to the testator of the will. The plaintiffs then rested their case.

The will through which the plaintiffs solely base their title was accompanied by a certificate which contains the following language. "Georgia, Appling County. I, Frances Dubberly, Deputy Clerk, Superior Court, Appling County, Georgia, do hereby certify that the within is a true and correct photostatic copy of the original will that remains of record in the ordinary's office. So certified this December 14, 1956. Frances Dubberly, Deputy Clerk, Superior Court." On the face of the will was the following language. "Recorded in Minute Book No. 3 Pages No. 381-384."

In order to use a will as a muniment of title, a copy certified by the clerk of the court of ordinary must be introduced showing the probate of the will. *Bryan v. Walton,* 14 Ga. 185; *Phillips v. Babcock Bros. Lumber Co.,* 5 Ga. App. 634 (63 SE 808); *Code* §§ 24-1801, 24-1804. However, a copy of a will duly certified that it came from the court of ordinary's office

raises the presumption that such will has been probated. But such copy must be certified by the clerk of the court of ordinary, who has jurisdiction over such records. *Robertson v. Hill*, 127 Ga. 175, 176 (56 SE 289); *Thursby v. Myers*, 57 Ga. 155 (2) [Bleckley absent]. In the instant case the copy is not certified by the clerk of the court of ordinary nor does such certified copy show probate of the will. Such copy cannot be legal evidence of title. *Hester v. Young*, 2 Ga. 31 (2). This is true even though this evidence was introduced without objection, since it does not have any probative value, and as such, is no good for the purpose offered. *Crawley v. Selby*, 208 Ga. 530 (67 SE2d 775). There being no evidence that the plaintiffs were in possession of the subject property at the time of the alleged trespass by the defendants, the trial court did not err in directing a verdict against them.

■ The general grounds complaining of the verdict given on the cross-action are without merit. The defendants in error alleged that they had been in actual adverse possession of the tract of land under dispute for more than seven years prior to the filing of this action by the plaintiffs in error, and that their possession had been public, open, notorious, continuous, exclusive, peaceable, and uninterrupted during the said period of more than seven years, and that their possession of said premises had been in good faith under a claim of right, to wit, a warranty deed from Mrs. Dora L. Dixon to the defendants. They further alleged that their possession had been evidenced by the fencing of the same, cultivation of crops, and the working and cutting of timber. The defendants further alleged that the plaintiffs had entered this tract of land and cut and removed therefrom sawmill and pulpwood timber of the reasonable value of not less than $2,000. They prayed for damages in that amount, that they be adjudged and decreed by the court to be seized and possessed of a prescriptive title in fee simple to the 73.08 acre tract of land herein referred to, and that the plaintiffs be permanently enjoined from trespassing on the property. These allegations were supported by the evidence.

It was not error to deny the motion for a new trial.

*Judgment affirmed. All the Justices concur.*