[No. 6,918.—In Bank.]

## ESTATE OF DANIEL McCARTY, Deceased.

CONTEST OF WILL — MENTAL CAPACITY — COMPETENCY — SIGNATURE — ATTESTATION—PUBLICATION—UNDUE INFLUENCE—CONFLICT OF EVIDENCE. The evidence upon the contest of a will held to be conflicting upon the above points.

ID.—EVIDENCE.—Upon an appeal from an order affirming the validity of a will, it appeared from the bill of exceptions that only one of the subscribing witnesses was called to prove the execution of the will, but there was no specification of error upon this point, and so far as the transcript showed, no point was made at the trial in regard to it.

*Held,* That it was too late to make the objection here for the first time.

APPEAL from an order in favor of the validity of a will, and from an order denying a new trial in the Probate Court of the City and County of San Francisco. MYRICK, J.

It appeared from the evidence set out in the bill of exceptions that Mr. Horan, the lawyer who drew the will, after the testator started to write his signature, took hold of his hand, or of the pen in his hand, and held it while he wrote his signature.

*Robert Ash,* for Appellant.

The will was not signed as required by § 1276, Civ. Code. (*Estate of Dennis Sullivan,* 6,126, July Term, 1878; *Edward Walsh's Will,* 1 Tucker, 133; *Asay* v. *Hoover,* 5 Barr, Pa., 21; *Grabill* v. *Barr,* 5 Barr, 441; *Riley* v. *Riley,* 36 Ala. 496.) Only one witness was called. The Statute says all the witnesses must be produced and examined, etc. (Civ. Code Proc., § 1315; Redfield on Wills, top page 36; *Evans* v. *Evans,* 10 S. & M. 402; *Jones* v. *Arterburn,* 11 Humph. 97; *Rigg* v. *Wilton,* 13 Ill. 15; *Cavett's Appeal,* 8 Watts & S. 21; *Stricker* v. *Groves,* 5 Wheat. 386; *Dunlop* v. *Dunlop,* 10 Watts, 153.)

*Francis J. Sullivan,* for Respondent.

It is claimed that Horan took hold of testator's hand, and wrote the latter's name. This is decidedly untrue. Civ. Code, § 1276, was complied with. The bill of exceptions is too general, and not sufficiently specific in not pointing out the fact that only one witness was produced. The presump-

tion, therefore, will be that contestant waived the calling of the witness. The point can not be raised on appeal. (*Field's Appeal*, 36 Conn. 279; Civ. Code, § 3513; *Mulcahy* v. *Glazier*, 51 Cal. 627; *Smith* v. *Lawrence*, 53 id. 34; *Langenour* v. *French*, 34 id. 92; *People* v. *Sepulveda*, decided June 18th, 1881, 10,505.) The presumptions are all in favor of the correctness of the judgment of the Probate Court. (Code Civ. Proc. § 98; id. § 87, and notes; Harston's Pr. 49; *Carman* v. *Pultz et al.*, 21 N. Y. 547; 4 Wait's Practice, 241, 246; *Mulcahy* v. *Glazier*, 51 Cal. 627; *Van Deusen* v. *Sweet*, 51 N. Y. 378.)

The COURT :

This case was heard by Department Two of this Court, and its opinion filed March 25th, 1881. A hearing in Bank was subsequently granted. For the reasons given in the opinion of the Department the judgment. and order are affirmed.

The following is the opinion rendered in Department Two:

MYRICK, J.:

The will of the deceased was admitted to probate. Within the year the father of the deceased petitioned that the probate of the will be revoked. The issues raised on that petition were tried by the Court, and the prayer of the petition was denied. The petitioner moved for a new trial, which was denied, and this appeal was taken.

1. On the motion for a new trial, points were made as to the mental capacity of the deceased, as to whether the paper was signed by him, or by any other person for him, in his presence and by his direction, as to whether the attesting witnesses signed in his presence and at his request, as to whether he declared the paper to be his will, and as to whether he was free from undue influence. All these matters were before the Court upon conflicting evidence. There was evidence favorable to the validity of the will upon each of these points. Therefore, the decision of the Court will not be disturbed.

2. Another point, made by the appellant in this Court, but

not made in the Court below, is, that it does not appear from the record that both the subscribing witnesses were called on the trial of the issues raised on the petition, under § 1315 Code Civ. Proc. The answer is, it does not appear but that the witness not called was out of the county, or was of unsound mind, or was dead. Neither does it appear but that the petitioner waived the calling of the witness. The statement in the transcript that it contains "all the testimony offered" is in harmony with the fact that the Court might have received proof of the death, insanity, or absence of the witness, and with the waiving by the petitioner of the calling of the witness. At the trial, so far as the transcript shows, no point was made in regard to this matter. It is too late to make it here for the first time.

Judgment and order affirmed.

MORRISON, C. J., and SHARPSTEIN, J., concurred.