[Sac. Nos. 858, 872.   Department Two.—May 28, 1902.]

## MRS. M. M. MOFFITT, Executrix, etc., Respondent, v. LUM ROSENCRANS, Appellant.

EJECTMENT—CONTRACT OF SALE BY EXECUTRIX—FINDINGS—UNAUTHOR-IZED CONDITIONS—JUDGMENT NOT SUPPORTED.—In an action by an executrix to recover the possession of land as the property of the estate, where the answer pleads ownership of the land in the defendant, findings that the plaintiff is entitled to the possession upon condition of repaying the money paid upon the purchase price under a contract of sale from the executrix to the defendant, and the value of his improvements, less the value of the use and occupation, and that the defendant is entitled to a lien, and to retain possession until the lien be satisfied, without any finding on the issue of ownership, or that plaintiff is entitled to possession, are insufficient to support the judgment for the plaintiff, or to justify a judgment in favor of the defendant.

ID.—FINDING OF LAW—INCONSISTENT FINDINGS.—The finding that the defendant is entitled to possession until the payments referred to are made, is a mere conclusion of law, and is contradicted and neutralized by the finding that his detention of the land is unlawful.

ID.—CONTRACT OF SALE BY EXECUTRIX—RESIDUARY LEGATEE—BENEFICIAL OWNERSHIP OF LAND SOLD.—Although the contract of sale from the executrix to the defendant was not authorized or ratified by the probate court, yet where the executrix was the sole residuary legatee of the estate, and at the time of her agreement to sell the land the time for claims against the estate had expired, and all debts and legacies had been paid, leaving in her hands more than sufficient money to close the administration, she had thus become the sole beneficial owner of the land, and the contract of sale was binding on her personally, and the defendant must be regarded in equity as the real owner of the land; and the power of the executrix to maintain a suit for the land must be regarded as terminated.

APPEAL from a judgment of the Superior Court of Sierra County and from an order denying a new trial. Stanley A. Smith, Judge.

The facts are stated in the opinion.

Goodwin & Webb, for Appellant.

Frank R. Wehe, and F. D. Soward, for Respondent.

SMITH, C.—These appeals, though presented by separate transcripts, are in the same case, the one being from the judg-ment, the other from an order denying the defendant's motion for a new trial. The former will be first considered.

The suit was brought to recover the possession of the land, known as the Robinson Ranch, described in the complaint; of which, it is alleged, "the said estate has been [at the times mentioned in the complaint], and now is, the owner," and that the defendant unlawfully detains and withholds the same from the plaintiff. The answer admits the withholding, but denies that since the first day of April, 1898, the estate has owned, or that it now owns, the land in question. The findings of the court are, that the estate is now, and at the times mentioned in the complaint was, and that plaintiff at such times was, and now is, "upon the conditions hereinafter' expressed, entitled to the possession of" the property in question; and, in effect, that the defendant was in possession under a contract of sale, executed to him by the plaintiff as executrix, but not authorized or ratified by the probate court; and that he had made improvements on the land, of the value of $514.60, and paid on the purchase price five hundred dollars; and, as conclusions of law, it is found that the plaintiff is entitled to judgment against the defendant for the possession of the property upon her paying him the sum of $942.60 (the value of his improvements and the money paid by him, after deducting the value of the use and occupation); and that until such payment be made, the defendant is entitled to a lien upon the property for the amount named, and to retain possession until the lien be satisfied. The judgment is to the same effect.

These findings, it is obvious, are insufficient to support the judgment. There is no finding on the issue of ownership, or that the plaintiff is entitled to possession. The finding is, that she is entitled to it only "upon the conditions hereinafter expressed,"—that is to say, that she will be entitled to it when she pays to the defendant the amount named in the findings and judgment. Until then, it is adjudged, the defendant is entitled to possession. The judgment must therefore be reversed for insufficiency of the findings.

On the other hand, the findings are insufficient to justify a judgment in favor of the defendant. For not only are they

contradictory (as argued by his counsel), but there is no finding on some of the allegations of the answer essential to his claim to recover. It is indeed found, as a conclusion of law, that the defendant is entitled to possession until the payments referred to are made, but this, as it purports to be, is a mere conclusion of law, and is also neutralized by the finding that his detention of the land is unlawful.

Under this view of the case, it will be unnecessary to consider the appeal from the order denying a new trial any further than may be necessary to direct the future proceedings in the case. It appears from the affirmative allegations of the answer, and from the findings of the court, that the defendant is in possession of the land in question, under a written lease executed to him by the plaintiff,—therein described as "the executrix of the will of James Moffitt, deceased," and signed "Mrs. M. M. Moffitt, Etx.,"—giving him the option to purchase the land during the term for the sum of $1,575; and that he afterwards elected to purchase and paid to the plaintiff on account the sum of five hundred dollars, and tendered the balance before the expiration of the term; and also that, on the faith of the contract, he had made permanent improvements on the land, etc. It also appears from the stipulation of the parties in the bill of exceptions that plaintiff's testator died seised of the land in question, leaving a will under which she is the sole residuary legatee; and that at the time of her agreement to sell the property to the defendant, the time for presentation of claims had passed, and all debts and legacies had been paid, leaving in her hands money much more than sufficient to pay all costs and expenses of administration. She thus became the sole beneficial owner of the land in question; and as she was not empowered by the court to sell the land, her contract with the defendant was binding on her personally, and operated as an equitable transfer of the ownership of the property. (Schouler on Domestic Relations, sec. 256; 7 Am. & Eng. Ency. of Law, p. 237; *Estate of Page,* 57 Cal. 242; *Dwinelle* v. *Henriquez,* 1 Cal. 392; and cases cited 1 Notes on Cal. Rep. 32.) The defendant must therefore be regarded in equity as the real owner of the land. But the powers of an executor or administrator are held by him in trust only to carry out

the purposes of the law; and, in this case,—except as to costs and expenses of administration, for which plaintiff has in her hands ample funds,—the estate has been fully settled, leaving nothing to be done except the entry of decree, which it was the duty of the executrix to apply for and of the court to enter. (Code Civ. Proc., secs. 1453, 1665.) Hence in equity, —which looks to the real relations of the parties, and regards as done what ought to have been done (Civ. Code, secs. 3528, 3529),—the power of the executrix to maintain a suit against one holding under her personally must be regarded as terminated. And, *a fortiori*, this must be regarded as the case in a suit brought by her solely in her own interest for the purpose of avoiding her contract and of defeating the rights of her beneficiary thereunder. Unless, therefore, the case be varied by facts not appearing in the present record, the defendant on the new trial will be entitled to judgment that the plaintiff take nothing by her action.

We have not deemed it necessary to pass on the objections to the complaint, as these may, and probably will, be removed by proper amendments.

We advise that the judgment and order denying the defendant's motion for new trial be reversed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying the defendant's motion for new trial are reversed.                    McFarland, J., Henshaw, J.

Temple, J., concurred in the judgment.