[L. A. No. 3117.   Department One.—July 9, 1912.]

In the Matter of the Estate of FANNIE DOMBROWSKI, Deceased.

WILL—SUBSCRIPTION BY THIRD PERSON AT REQUEST OF TESTATOR—OMISSION TO WRITE NAME AS WITNESS—DUE EXECUTION.—Where a testatrix, with the undoubted intention to make her will, caused her name to be subscribed thereto by a third person in her presence and by her direction, such subscription, although the third person omitted to write his name as a witness to the will, is sufficient to effect its due execution, under sections 1276 and 1278 of the Civil Code.

ID.—INSUFFICIENT SUBSCRIPTION BY MARK—FAILURE TO WITNESS MARK.—The validity of such a subscription is not affected by the fact that at the time thereof and as part of the same transaction the testatrix also subscribed her mark to the will, but that the signing by mark was incomplete and ineffectual for want of compliance with the requirement of section 14 of the Civil Code, that where a subscription is by mark, the name of the person so signing is to be written near the mark, by a person "who writes his own name as a witness."

ID.—EXECUTION OF WILL WHEN SUFFICIENT.—There is a valid execution of a will where the person undertaking to make it has done certain

acts with the intention of thereby executing it, leaving undone nothing which he undertook to do to carry out that intention, and the acts done include everything necessary, under our statutes, to the execution of a will.

ID.—ORDER ADMITTING WILL TO PROBATE—RECITAL OF NOTICE OF HEARING—APPEAL.—On an appeal from an order admitting a will to probate, a recital in the order of the giving of notice of the hearing of the petition for probate is sufficient to establish the truth of the fact recited, unless the record affirmatively shows that the recital is untrue.

ID.—INSUFFICIENT SHOWING OF WANT OF NOTICE—BILL OF EXCEPTIONS. Where it is apparent from the face of the bill of exceptions and on appeal from such order that it was designed merely to present for review the correctness of the findings of the court with respect to the issues raised by the contest of the probate of the will, the record will not be construed to affirmatively show a want of notice of the hearing, from the mere fact that no proof of such notice is contained in the bill, and that the bill recites that no proceedings, other than those mentioned therein, were had or taken.

ID.—JURISDICTION OF TRIAL COURT—REVIEW ON APPEAL—ABSENCE OF OBJECTION IN TRIAL COURT.—The supreme court will not upon appeal review the conclusions of a trial court as to facts essential to its jurisdiction, concerning which such court was vested with the power to hear and determine, at the instance of a party who has appeared in that court in the action or proceeding and has omitted there to in any way urge his objection, but has proceeded therein upon the theory that the court had jurisdiction.

APPEAL from a judgment of the Superior Court of Los Angeles County admitting a will to probate, and from an order refusing a new trial.   N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, Walter R. Leeds, and Robert B. Murphey, for Appellants.

P. W. Thomson, and Louis W. Myers, for Respondents.

SLOSS, J.—Two papers, claimed to be, respectively, the will and the codicil thereto of Fannie Dombrowski, deceased, were filed in the superior court of Los Angeles County by E. B. Studer, who petitioned for letters of administration with the will annexed. Subsequently a petition for probate and for letters testamentary was filed by Robert H. Lovett

and Joseph W. Maple, two of the persons named as executors. Walter, Elsa, and Flora Dombrowski, the children and sole heirs of the decedent, filed a contest, opposing probate on the ground that the papers had not been executed as required by the statutes governing the execution of wills.

Studer dismissed his petition, and a hearing was had on the contest to the petition of Lovett and Maple. The findings were in favor of the petitioners, and the court, on June 16, 1911, made its judgment and order admitting the alleged will and codicil to probate, and granting letters testamentary as prayed. The contestants appeal from such judgment and order, and from an order denying their motion for a new trial. There is also an appeal from an order made June 14, 1911, dismissing the contest, but the substantial questions involved are presented by the other appeals, and this one need not be separately considered.

The will was dated January 13, 1908, the codicil April 2, 1908. Upon these dates the decedent, Fannie Dombrowski, was a resident of Peoria, Illinois, where all of the acts which, as respondents claim, constituted an execution of the papers as testamentary writings took place. Thereafter Mrs. Dombrowski moved to the county of Los Angeles, in this state. She was a resident of that county at the date of her death, March 31, 1911, and left considerable property in this state.

Except for a minor point, to be mentioned later, the due execution of the papers was and is the only question in controversy between the parties. It is conceded on all sides that this question must be decided by reference to the requirements of the laws of California (Civ. Code, secs. 1265, 1376).

The evidence shows that the manner of the attempted execution was substantially the same in the case of the will as of the codicil. It will suffice, therefore, to outline the facts surrounding the making of the will.

There were three subscribing witnesses, each of whom gave testimony by deposition. The document, which was in typewritten form, was declared by Mrs. Dombrowski to be her will, and she asked the three witnesses to sign as subscribing witnesses, which they did. Her own signature (if it was a signature) had been affixed, in the presence of the witnesses, as follows: She was, by reason of illness, unable at the time

to write her name, and requested Mr. Maple, her legal adviser and one of the persons named as executors, to write her name. This he did, adding the words "her mark," as follows:

her

Fannie     Dombrowski.

mark

Mrs. Dombrowski made a cross (X) in the space left between her given name and her surname, and the three witnesses signed the attestation clause, and also signed their names under the words "witnesses to mark," which had also been written by Mr. Maple. Mr. Maple did not, however, write his own name on the paper as witness or otherwise. There was testimony that the decedent requested the subscribing witnesses to sign as witnesses to her mark, as well as to become attesting witnesses to the will.

Section 1276 of the Civil Code provides, among other requisites to the execution of a written will, other than holographic, that "it must be subscribed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe his name thereto." Section 1278 provides that "a person who subscribes the testator's name, by his direction, must write his own name as a witness to the will. But a violation of this section does not affect the validity of the will." Since the testimony shows beyond all question that the name of the testatrix was subscribed by Mr. Maple in her presence and at her direction, it would seem that the requirements of the sections quoted had been fully met.

But the appellants argue that the decedent did not intend to perform the testamentary act by having her name written by another person; that what she in fact undertook to do was to sign her name by mark, and that such signing was incomplete and ineffectual for want of compliance with the requirement of section 14 of the Civil Code, that where a subscription is by mark, the name of the person so signing is to be written near the mark, by a person "who writes his own name as a witness." Here, as has been stated, the person (Maple), who wrote the name of Mrs. Dombrowski, did not write his own name as witness. While, accordingly, the writing of the testatrix's name by Maple would have been

sufficient, if nothing more had been contemplated or done, yet where such writing was merely a step in an ineffectual attempt to sign by mark, there was, it is claimed, no completed subscription by either method. The subscription by mark was defective for want of the signing as witness by the person writing the name. The execution was not sufficient under section 1276, because the decedent never intended that the writing of her name by Maple, without the making of her mark, should complete her act of formal execution.

The argument thus advanced rests upon rather refined and technical reasoning. The testatrix unquestionably intended to execute a will, and performed certain acts in order to carry out this intent. She did everything necessary, under the statute, to a valid execution. Is her act to be overthrown because, in addition, she tried to do something more? All that was done—the direction to Maple to write her name, his writing of it, the making of a mark—taken together, formed a single transaction, every part of which was influenced by the one intent of executing a will. To say that the decedent intended to sign *by mark*, rather than under section 1276, is to lose sight of the real nature of her acts. What she intended was to execute a will. No doubt she thought that all of the acts performed were necessary, or at least proper, parts of a valid execution. But there is no good ground for saying that she intended that one of them, rather than another, should accomplish the desired end. Her intent was to carry out and authenticate her testamentary purpose by means of all these acts. The essential facts are that she did everything which she designed to do in executing her will, and that what she did included the formalities required by the statute for such execution. This being so, the validity of that which was rightly done is not affected by the circumstance that she may have entertained and acted upon the belief that something more was needed.

The cases cited by appellants are not in conflict with these views. The one which comes nearest to supporting their position is *Main* v. *Ryder*, 84 Pa. St. 217. There Daniel Miner, the maker of the alleged will, directed one Thorpe to write his name, which was done in the manner here employed; that is to say, by leaving a space between the words "Daniel" and "Miner," and writing the words "his" and

"mark" over and under, respectively, such words. The court held that if the testator had "directed his name to be written with the view of adding his mark, and thus making his signature" and had not in fact added his mark, there would have been no sufficient execution of the will. This was put on the ground that what was done, in the case supposed, was not intended as a full execution of the will. The correctness of this holding may well be conceded without affecting the soundness of the finding in the case at bar that the will of Mrs. Dombrowski was duly executed. There the acts intended to operate as a subscription of the will were never completed. Here, however, all that was contemplated was done. The testatrix intended to complete a valid execution by means of acts all of which were in fact done. *Robertson* v. *Hill,* 127 Ga. 175, [56 S. E. 289], also cited by appellants, goes no further than *Main* v. *Ryder.*

No doubt a subscription or signing of any kind will not constitute a valid execution of a will unless made with the intention, on the part of the testator, of finally and completely authenticating the will. The principle is well applied in such cases as *Everhart* v. *Everhart,* 34 Fed. 82, where the alleged testator attempted to sign a will, but succeeded only in making a small mark or scratch, which apparently, he did not intend as a substitute for a complete signature, or *Plate's Estate,* 148 Pa. St. 55, [33 Am. St. Rep. 805, 23 Atl. 1038], where the decedent, undertaking to sign his name, stopped after making one stroke, saying "I can't sign it now," or *Waller* v. *Waller,* 1 Gratt. (Va.), 454, [42 Am. Dec. 564], where the name of the alleged testator was written by him in the body of the (holographic) will, but there was nothing written in a blank evidently left at the bottom for signature. But none of these cases, nor any other cited by appellants, lays down a rule that would justify the holding that the will here in question was not properly executed.

So far as authority in this state goes, the decisions, although made in cases not exactly like the one before us, are distinctly favorable to the position of the respondents. In *Estate of Toomes,* 54 Cal. 509, [35 Am. Rep. 83], the signature was similar to that here made, the testatrix making her mark. The person who wrote her name signed as a witness to the will, but not otherwise. This was held to be

sufficient, notwithstanding the objection that the party who wrote the name of the testatrix should have signed his name "as a part of the signature." Section 1278 of the Civil Code is quoted in support of the court's conclusion. In the case just cited, the party who wrote the name of the testatrix did witness the will, and to this extent the case differs in its facts from the one before us. The Toomes case is, however, relied upon as authority in *Estate of Langan,* 74 Cal. 353, [16 Pac. 188], where the jury found that the name of the testatrix was signed to the will by another person in her presence and at her request, and also that the person who so signed her name did not write his own name near her signature as a witness to said signature. It was held that the latter finding was immaterial. The report of the case is brief, and does not fully disclose the facts. It appears, however, from the transcript, that the signature included a mark made by the testatrix.

We have assumed, in the foregoing discussion, that the undisputed evidence shows, as appellants contend, that the decedent contemplated making her mark when she directed the writing of her name, and that she did not intend that execution should be complete until all of the acts—the writing of her name by Maple, the making of a mark by herself, and the witnessing of her mark by the three who did witness it—should be accomplished. We have also assumed that the provision of section 14, requiring one who writes the name of a person signing by mark to write his own name, is applicable to the execution of wills. Both points are disputed by the respondents, but we think it unnecessary to express an opinion upon either. We prefer to rest our decision on the broad proposition that there is a valid execution where a person undertaking to make a will has done certain acts with the intention of thereby executing his will, leaving undone nothing which he undertook to do to carry out that intention, and the acts done include everything necessary, under our statutes, to the execution of a will.

The appellants make the further point that the court was without jurisdiction to hear the petition for probate, because the petitioners had failed to make proof of mailing of notice of time appointed for probate to three persons named as coexecutors of the petitioners and not joining in the petition

(Code Civ. Proc., secs. 1304, 1306). But the record does not support the contention. The order admitting the will and codicil to probate recites that the petition "was duly set for the 31st day of May, 1911, and that notice of said hearing has been duly given as required by law, . . ." This recital of the giving of notice is sufficient to establish the truth of the fact recited, unless the record affirmatively shows that the recital is untrue. It does not so show. The appellants rely upon the fact that no proof of notice is contained in the bill of exceptions and that the bill states, at the outset, that "the foregoing proceedings, and none other, were had and taken." But it is apparent from the introduction and the specifications of insufficiency of evidence contained in the bill that it was designed merely to present for review the correctness of the findings of the court with respect to the issues raised by the petition for probate, the contest, and the answer thereto. The hearing was had on the merits, without any suggestion being made that the court had not acquired jurisdiction. Under these circumstances, it cannot fairly be said that the record affirmatively shows a want of proof of the notice required by the code. On the contrary, it indicates plainly that there was no question, in the court below, of the sufficiency of the steps required to give the court authority to proceed. As was said in *Estate of Latour*, 140 Cal. 414, 425, [73 Pac. 1070, 1074]: "This court will not upon appeal review the conclusions of a trial court as to facts essential to its jurisdiction, concerning which such court was vested with the power to hear and determine, at the instance of a party who has appeared in that court in the action or proceeding, and has omitted there to in any way urge his objection, but has proceeded therein upon the theory that the court had jurisdiction."

The judgment and the orders appealed from are affirmed.

Angellotti, J., and Shaw, J., concurred.