[L. A. No. 4955. Department Two.—April 13, 1917.]

In the Matter of the Estate of JOHN NEWTON STONE, Deceased. LEO STONE GREEN, Contestant and Appellant, v. FANNIE E. STONE, Proponent and Respondent.

WILL—CONTEST OF PROBATE—UNDUE INFLUENCE SOLE GROUND OF CONTEST—APPEAL—DUE EXECUTION OF WILL.—On an appeal from an order admitting a will to probate, after a contest on the sole ground that it was the product of undue influence, the proceedings in probate touching the due execution of the will have no place in the record, and the order will not be reversed for the failure of the record to establish its due execution.

ID.—ORDER ADMITTING WILL TO PROBATE—SIGNING BY OTHER THAN TRIAL JUDGE.—Such order is not shown to be either erroneous or

· irregular by the mere fact that it was signed by a judge other than the one who presided at the trial of the contest.

ID.—ABANDONMENT OF GROUND OF CONTEST—SUBMISSION TO JURY—EVIDENCE.—Where the unsoundness of mind of the testator, as a ground of contest, was expressly abandoned by the contestant on the trial, it was not error for the court to refuse to submit such question to the jury, or to exclude evidence on the subject.

ID.—DIRECTING VERDICT FOR PROPONENT ON SECOND TRIAL.—On a second trial of a contest to the probate of a will, based on the ground of undue influence, it was proper for the court to direct a verdict for the proponent if the evidence adduced for the contestant was not more favorable for him than the evidence offered at the previous trial, which the appellate court had held insufficient to establish undue influence.

APPEAL from an order of the Superior Court of Los Angeles County admitting a will to probate. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Ingall W. Bull, for Appellant.

Kemp, Mitchell & Silberberg, and Hartley Shaw, for Respondent.

THE COURT.—This is the second appeal in the contest of Leo Stone Green over the admission to probate of the will of her deceased father. The decision of this court upon the first appeal will be found reported in 172 Cal. 215, [155 Pac. 992]. There the verdict of the jury finding that the will was the product of undue influence exercised over the husband by his wife was reversed as unsupported by the evidence. A second trial was had; a jury was impaneled, and after trial the court instructed the jury to return its verdict in favor of the proponent of the will. The jury did so, and from the judgment which followed this appeal has been taken.

The propositions advanced upon appeal will be considered *seriatim*. The first of these is that the evidence fails to show that the will was ever executed by the deceased in the manner required by law. (Code Civ. Proc., secs. 1308, 1315, 1318.) The sole question before the court and jury in the trial of the contest was as above indicated, whether or not the will (the due execution of which for the purposes of the contest was

thus admitted) was or was not the product of undue influence exerted upon the mind of the testator. The record upon this appeal, therefore, does not disclose, as it would not be expected to disclose, the proceedings in probate touching the due execution of the will. They may either have preceded or may have followed the determination of the contest. In either case they had no place in this record, and appellant's argument as directed to this point is frivolous. (*Estate of McCarty*, 58 Cal. 335; *Estate of Dombrowski*, 163 Cal. 290, [125 Pac. 233].) It is said in appellant's brief that the judgment and order admitting the will to probate was signed by a judge other than the judge who presided at the trial of the case. Conceding this bare statement of fact to be true—and the brief contains nothing more than this bare statement of fact—it does not follow that this was error or even irregularity. It is quite conceivable, for example, that after the determination of the contest, the purely formal evidence in proof of the due execution of the will was heard by another judge sitting in probate, in which case it would have been strictly regular for that judge to have made the final order admitting the will. It is said that it was error for the court not to submit to the jury "the question of the soundness of mind and sanity of the deceased." But the contestant at the opening of the trial formally abandoned the ground of contest based upon insanity and declared that there was only one question at issue—the question of undue influence. Still further it is said that the court erred "in excluding testimony regarding the mental condition of the deceased at the time the will was made." But for the reason just above indicated the ruling was strictly proper. It is finally said that the court erred in directing a verdict. But as the contestant is not at the slightest pains to show wherein the evidence differed in any respect more favorable to contestant's view from the evidence which had been admitted on the previous trial, which had been passed upon by this court and which had been held to be insufficient, we are bound to conclude that contestant's failure to point out by reference to the transcript of evidence any specific instance of such difference is a confession that the difference itself does not exist.

The decree appealed from is therefore affirmed.