[Civ. No. 3765. First Appellate District, Division One.—March 17, 1921.]

In the Matter of the Estate of LOUIS L. POLITO, Deceased. ROSA POLITO, as Administratrix, etc., Appellant, v. SARAH A. McCURDY, Respondent.

[1] ESTATES OF DECEASED PERSONS—INDEBTEDNESS OF HEIR TO ESTATE—SETOFF AGAINST DISTRIBUTIVE SHARE.—In distributing an estate, the probate court has no power to set off against a debt due the estate by an heir the undivided interest of said heir in the real estate of said estate.

[2] ID.—JURISDICTION OF PROBATE COURT—CONTROVERSIES DETERMINABLE.—While the superior court is a court of general jurisdiction, the powers which it exercises in proceedings in probate are entirely statutory, and in the administration and distribution of estates it exercises a special limited jurisdiction, and in the exercise of such jurisdiction it is not authorized, in the absence of express statutory authority, to determine controversies which do not strictly arise within the course of its probate procedure.

[3] ID.—JUDGMENT AGAINST HEIR—PRIORITY OF LIEN—DISTRIBUTION OF REAL PROPERTY.—Where a third party obtains a money judgment against an heir prior to distribution of the estate and prior to the estate obtaining and docketing a money judgment against such heir on account of an indebtedness due the estate, such third party is entitled to have his judgment lien satisfied out of the interest of such heir in the real property of the estate in so far as the value of said interest will suffice to do so, and the probate court in the distribution of said estate is legally bound to distribute the interest of said heir in the real estate thereof to him, subject to the prior claim of such third party's lien.

APPEAL from a judgment of the Superior Court of Fresno County. George E. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kitt Gould and C. K. Bonestell for Appellant.

Keyes & Erskine for Respondent.

1. Heir's distributive share in realty as chargeable with his indebtedness to estate either as against land itself or proceeds of sale, notes, 7 Ann. Cas. 563; Ann. Cas. 1916D, 1294.

RICHARDS, J.—This is an appeal from a decree of distribution, and is prosecuted by the appellant, Rosa Polito, in her capacity as administratrix of the estate of Louis L. Polito, deceased, and also as a surviving heir of said deceased.

The facts are these: Louis L. Polito was the owner during his lifetime of certain real estate which upon his death without a will descended to his heirs. One John L. Polito was one of these heirs, and was entitled under the law of succession to a one-tenth interest in said real estate. Shortly after the death of said Louis L. Polito, Sarah A. McCurdy commenced an action against said John L. Polito to recover an indebtedness due from him to her in the sum of $2,000, evidenced by a promissory note, and in said action attached the said interest of John L. Polito in the estate of his father, and thereafter recovered a judgment therein for the sum of $4,452.45, which judgment was duly docketed on or about January 24, 1919. On July 14, 1919, Rosa Polito, as administratrix of the estate of Louis L. Polito, deceased, commenced an action against John L. Polito upon an indebtedness due by him to his said father, and on September 13, 1919, recovered a judgment against him in said action for the sum of $1,409.25. Thereafter said Rosa Polito, as such administratrix, petitioned the probate court having jurisdiction of said estate for the distribution thereof. It appeared by said petition that all of the residue of the estate consisted of said real estate, and it also appeared therefrom that the said Rosa Polito had succeeded to the interest of all of the other heirs of the estate with the exception of John L. Polito, and she therefore petitioned the court to distribute to her the whole of said estate. Upon the hearing of said petition said respondent Sarah A. McCurdy appeared to assert her claim to have the portion of the estate to which John L. Polito had succeeded distributed to him subject to the lien of her judgment against him. Upon the hearing of said petition and the opposition thereto it appeared that the appraised valuation of the said interest of John L. Polito in said estate was the sum of $1,213.56. The trial court refused to distribute to said Rosa Polito the interest of said John L. Polito in said estate according to the prayer of her petition, but made its decree distributing the same to John L. Polito, and

51 Cal. App.—48

it is from that portion of said decree that the appellant herein, in her capacity as administratrix of said estate and also as surviving heir of said decedent, has prosecuted this appeal.

[1] It is the contention of the appellant that since John L. Polito was indebted to the estate in an amount exceeding the value of his distributive share therein, it was the duty of the probate court to set off the said indebtedness to the estate against his share in said estate. In making this contention the appellant chiefly relies upon the *Estate of Gamble,* 166 Cal. 253, [135 Pac. 970]. An examination of that case, however, discloses that as to its facts it differs in a number of material respects from the case at bar. The most important of these consists in the fact that in that case there were no intervening rights of a third party involved. Another essential difference lay in the fact that in that case the court undertook to set off a judgment which the administrator had obtained on behalf of the estate against a legacy in favor of the judgment debtor, and it was thus dealing with a condition which might properly be held to come within the provisions of section 440 of the Code of Civil Procedure relating to the setoff of cross-demands. In the case at bar, however, we are dealing with the question of the right of the probate court in distributing an estate to set off against a debt due the estate by an heir the undivided interest of said heir in the real estate of said estate which is the sole subject of distribution. We are satisfied that whatever may have been held touching this subject in the decisions of other jurisdictions, the probate court in this state possesses no such power. [2] It would seem to be well settled that while the superior court is a court of general jurisdiction, the powers which it exercises in proceedings in probate are entirely statutory, and that in the administration and distribution of estates it exercises a special limited jurisdiction, and that in the exercise of such jurisdiction it is not authorized, in the absence of express statutory authority, to determine controversies which do not strictly arise within the course of its probate procedure. (*Estate of Ryder,* 141 Cal. 368, [74 Pac. 993]; *Estate of Cook,* 77 Cal. 332, [11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431]; *Estate of Smith,* 108 Cal. 115, [40 Pac.

1037].)  The two cases last above cited have by reason of the similarity of their facts a special application to the question presented for decision in the instant case, and in each of them it was decided that the probate court had no power to deduct from the distributive share of an heir of the estate of an undivided interest in personal property a debt which might be due from him to the estate. An even stronger case is presented herein, since the distributive share of John L. Polito consists solely in an undivided interest in real estate.

[3] Aside from these considerations, however, it would seem that the trial court acted correctly in refusing to accede to the petition of appellant herein, since it appears from the record herein that the respondent Sarah A. Mc-Curdy had obtained and duly docketed a judgment against said John L. Polito for the sum of $4,452.45, which had thus become a first lien upon the interest of said John L. Polito in such real estate, and that this lien was prior to the lien which the estate had acquired upon said interest by its judgment thereafter obtained. We are directed to no provision of law and to no decision of the courts of this state which purport to give to an estate in the course of its administration a lien upon the undivided interests of the heirs or devisees in the real property of said estate arising out of the fact that such heir or devisee may be indebted to said estate. It follows that the judgment lien of the respondent herein was entitled to be satisfied out of the interest of said John L. Polito in his father's estate in so far as the value of said interest would suffice to do so, and hence that the probate court in the distribution of said estate was legally bound to distribute the interest of John L. Polito in the real estate thereof to him, subject to the prior claim of the respondent's lien.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1921.

All the Justices concurred.