[Sac. No. 4021. In Bank.—July 13, 1929.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant, v. N. G. MATHEWS, Personally and as Administrator, etc., et al., Respondents.

Horace W. B. Smith and P. R. Lund for Appellant.

J. E. Pardee for Respondents.

RICHARDS, J.—This appeal is from a judgment in favor of defendants and is presented upon the judgment-roll alone. The facts as set forth in plaintiff's complaint and as found by the trial court are briefly these: Thomas W. Wilson died intestate on the eighteenth day of June, 1920, in the county of Lassen, leaving estate therein to which his three children, George W. Wilson, Rena M. Lucius and Dorothy Wilson, succeeded share and share alike. On August 2, 1920, George W. Wilson was appointed administrator of the estate of his deceased father and qualified by giving a bond in the sum of $5,300 with two personal sureties, and entered upon his duties as such administrator. On March 3, 1921, George W. Wilson borrowed from the Growers Bank of San Jose, California, the sum of $2,600, and as security for such loan gave to said bank his promissory note for that amount, together with an assignment of all of his interest in the estate of Thomas W. Wilson, deceased, and in and to all of the property of said estate to which he might be entitled, and all fees and commissions accrued or to accrue to him as administrator of said estate. This assignment was a few months after the making thereof filed with the papers of the estate. On September 12, 1921, the personal sureties upon the bond of George W. Wilson made application to the court to be released from further liability, and on November 10, 1921, the said administrator filed a new bond in the same amount and upon which the plaintiff herein was the sole surety. On June 27, 1922, for value received and after the maturity of the note, the said Growers Bank assigned and delivered to the Bank of Lassen County said note together with an assignment of the interest of said George W. Wilson in the estate of his deceased father, and which assignment was also duly filed with the papers in said estate. On January 8, 1924, the Bank of Lassen County filed a petition in the matter of

said estate praying for the revocation of the letters of administration theretofore issued to said George W. Wilson and for the appointment of N. G. Mathews, one of the respondents herein, as the administrator of said estate. On January 31, 1924, an order was duly made by the said court granting the prayer of said petition, and thereupon said Mathews qualified as such administrator and has ever since been the administrator of said estate. On April 9, 1924, Mathews as such administrator commenced an action against George W. Wilson and his surety, the plaintiff and appellant herein, seeking to compel said Wilson to make an accounting of his transactions as administrator of said estate and that it be determined in what amount, if any, said Wilson was indebted to said estate and that judgment be rendered against him for such amount and that the plaintiff in that action also have judgment against the said surety for such portion of said indebtedness as it should be found liable for under its surety bond. On or about May 6, 1924, George W. Wilson filed in said court what purports to be a final account of his administration of said estate and thereafter and upon October 20, 1924, the court in which the above action was pending made and filed its findings of fact and conclusions of law by which it was held that George W. Wilson was indebted to the estate of said deceased in the sum of $2,807.16 and of this amount his liability for the sum of $2,249.77 had accrued during the period covered by his second bond upon which the appellant herein is surety. Thereafter and on the fifteenth day of May, 1925, the appellant herein paid the administrator of said estate in full of its liability as such surety the sum of $2,267.29 and immediately thereafter brought this action against N. G. Mathews as administrator of said estate and the Bank of Lassen County, the purpose of said action being that of obtaining a decree to the effect that after its foregoing payment of the amount for which it had been held liable as such surety to said estate it became subrogated to all of the rights, remedies and facilities which the estate of Thomas W. Wilson then had or might thereafter acquire to collect said sum of $2,267.29 with interest from said George W. Wilson and to retain said sum with interest from any distributive share due said Wilson out of the estate of his deceased father and that the plaintiff's right to have said sum retained for its

benefit was superior to the right of the Bank of Lassen County existing by virtue of its transferred assignment from the Growers Bank of San Jose. Upon the trial of the cause the trial court found the foregoing to be the facts, but as to the law applicable thereto rendered judgment in favor of the defendants in the action. From such judgment this appeal has been taken and is presented upon the judgment-roll.

The sole question presented by this appeal is as to whether by his assignment of all of his right, title and interest in the estate of his deceased father consummated prior to the existence of any liability on the part of said George W. Wilson to said estate arising out of his misuse as such administrator of the funds and properties thereof a prior right had been created in the transferee of said assignment and interest of the assignee thereof to receive from said estate the full distributive share of said Wilson therein, and that such right was superior to the claim of said estate to be repaid the amount of his defalcations out of his distributive share of said estate and hence as to the right of this plaintiff to be repaid the amount which it had been compelled to pay to said estate by virtue of its suretyship.

The appellant argues that by virtue of its payment of the amount which it was compelled to pay to said estate as the surety of said George W. Wilson it became subrogated to the right of said estate to retain the said amount of his delinquency as administrator of said estate in making distribution thereof to the heirs of Thomas W. Wilson otherwise entitled thereto. This contention on the part of the appellant is not seriously disputed, but the difficulty is that it does not go far enough to entitle the plaintiff herein to a superior right to the distribution of the interest of said George W. Wilson in said estate in the presence of his assignment and transfer of his entire interest therein prior to the time when his delinquency as such administrator arose.

 It is well-settled law that the title of a decedent in and to the properties of his estate vests immediately upon his death in his heirs subject only to payment of the debts of the decedent, the funeral expenses, the family allowance and the expenses of administration. (9 Cal. Jur., p. 472, secs. 19, 20, and cases cited.) It is equally well settled that this right of an heir to assign or to hypothecate his interest in the estate of his deceased ancestor is an absolute right of

560

property which is subject only to the right of possession in the administrator for the purpose of administration and to the payment of the foregoing charges in the course of such administration. (9 Cal. Jur., p. 477, sec. 24, and cases cited.) ██ This court has had frequent occasion to decide that this right of an heir to transfer his interest in an estate is superior to any claims other than those above enumerated and that the fact that an heir may be indebted to the estate in any unliquidated and unsecured amount does not give the estate precedence over his assignment of his interest therein prior to the distribution thereof. (*Estate of Smith*, 108 Cal. 115 [40 Pac. 1037]; *Estate of Moore*, 96 Cal. 522 [31 Pac. 584]; *Estate of Polito*, 51 Cal. App. 752 [197 Pac. 976]; 12 Cal. Jur., p. 183, sec. 929.) ██ In the light of the foregoing authorities there is no escape from the conclusion that the trial court was correct in its judgment herein to the effect that the Bank of Lassen County by virtue of the assignment to it of the entire interest of George W. Wilson in the estate of his deceased father was entitled to a superior right over that of the plaintiff herein to have distributed to it the share of George W. Wilson in said estate.

The judgment is affirmed.

Seawell, J., Waste, C. J., Curtis, J., Langdon, J., and Preston, J., concurred.