[Civ. No. 11252. Second Appellate District, Division Two.—December 18, 1936.]

In the Matter of the Estate of JOHN MICHELS, Deceased. PETER MICHELS, Appellant, v. PACIFIC TILE & PORCELAIN COMPANY, Respondent.

Irl D. Brett for Appellant.

Richard.F. Bailey and Ralph C. Curren for Respondent.

WOOD, J.—This is an appeal from an order of the probate court directing partial distribution of certain assets of the estate of John Michels, deceased, to respondent Pacific Tile & Porcelain Company. John Michels died intestate and Mary T. Michels, surviving spouse, was appointed administratrix of the estate. All of the property in question is community property and Mary T. Michels is sole heir. A contract was entered into on April 2, 1935, by Mary T. Michels and Mary T. Michels as administratrix, designated as the first party, and Pacific Tile & Porcelain Company, designated as the second party, whereby the first party agreed to sell to the second party a number of promissory notes executed by Globe Tile & Porcelain Works, Inc. These notes, although barred by the statute of limitations, were secured by a trust deed upon certain real property. The real estate in question was not of sufficient value to pay the amount of these and other notes for which it had been made security. All of the notes in question together were appraised by the inheritance tax appraiser as of the value of $5,000. The party of the second part agreed to give its note in the sum of $5,000 in payment. It was provided that "this agreement is subject to the approval of the Probate Court of Los Angeles County, in the Matter of the Estate of John Michels, Deceased, and Party of the First

Part agrees to file at once a petition and bring the same on for hearing at an early date, in order to obtain the necessary court approval authorizing her to execute this agreement and carry out the terms thereof to completion''. The note for $5,000 was executed and delivered by Pacific Tile & Porcelain Company. Thereafter a petition was filed in the probate court by the administratrix denominated "petition for instructions and for authority to compromise a debt". Approval was sought for the transfer of the notes in question in accordance with the terms of the agreement. This petition was granted on April 15, 1935. Mary T. Michels individually executed on October 5, 1935, an assignment in favor of Peter Michels of an "undivided two per cent interest in and to my interest in the estate of John Michels, deceased". Peter Michels, appellant herein, objected to the petition for partial distribution but the trial court held that title to the notes had passed to respondent.

Appellant now contends that the issue between the parties concerns title to the notes and that the probate court did not have jurisdiction to pass upon this issue. No objection to the procedure followed was made in the trial court either by pleading or orally during the trial. The sole question presented for the determination of the trial court concerned the ownership of the notes. The trial court had general jurisdiction of the subject-matter. The appellant may not submit the question involved to the trial court without objection and, after an adverse judgment, raise on appeal for the first time the question of the jurisdiction of the court. (*Imperial Valley L. Co.* v. *Globe G. & M. Co.*, 187 Cal. 352 [202 Pac. 129]; *Estate of Latour*, 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441]; *Miller* v. *Forster*, 131 Cal. App. 509 [21 Pac. (2d) 678]; *Estate of Dombrowski*, 163 Cal. 290 [125 Pac. 233].)

Appellant attacks the order of the trial court approving the petition for compromise, contending that there was no basis for a compromise and that the order was invalid for the reason that compliance had not been made with certain provisions of the Probate Code. It is conceded by all parties that the assignment made by Mary T. Michels in her capacity as administratrix was invalid. Indeed the trial court in its order for partial distribution held that the transfer of the administratrix was ineffective. But the trial court found

upon sufficient evidence that Mary T. Michels individually had by her contract and subsequent actions transferred her title to the notes. The title of the decedent in and to the properties of his estate vested immediately upon his death in Mary T. Michels, his sole heir, subject only to payment of his debts, funeral expenses, family allowance and expense of administration. Mary T. Michels as heir had an absolute right to assign her interest in the estate subject only to her right of possession as administratrix for the purpose of administration. (*United States F. & G. Co.* v. *Mathews,* 207 Cal. 556 [279 Pac. 655]; *Melone* v. *Ruffino,* 129 Cal. 514 [62 Pac. 93, 79 Am. St. Rep. 127].) In *Moffitt* v. *Rosencrans,* 136 Cal. 416 [69 Pac. 87], the executrix was the sole residuary legatee of the estate. As executrix she entered into a contract with the defendant for the sale of real property of the estate and put the defendant in possession under the contract of sale, which, however, was not authorized or ratified by the probate court. The executrix filed the action to recover possession of the land but the court held that notwithstanding she was not empowered by the court to sell the land she nevertheless was the sole beneficial owner and ''her contract with the defendant was binding on her personally, and operated as an equitable transfer of the ownership of the property''.

After the contract of April 2, 1935, was executed the parties thereto agreed upon certain modifications of its terms whereby a different period was specified for the payment of the $5,000 note and certain shares of stock of the Globe Tile & Porcelain Works, Inc., were transferred by Mary T. Michels to respondent. This oral agreement for the modification of the original contract was executed and the stock delivered to Pacific Tile & Porcelain Company. The court properly held upon sufficient evidence that title to the stock had passed to respondent.

The order and judgment are affirmed.

McComb, J., *pro tem.,* concurred in the judgment.

CRAIL, P. J., Concurring.—I am satisfied to concur in the judgment upon the sole ground that there was no *preju-. dicial* error. There is in the record a surfeit of procedural irregularity, but the appellant does not even claim in his

brief that he or anyone else has been or will be prejudiced by the order of the court. Article VI, section 4½, of the Constitution of California is a mandate to us to affirm the judgment.