Civ. No. 21253. First Dist., Div. One. June 12, 1963.]

Estate of JOHN D'AVILA, Deceased. THE BANK OF CALIFORNIA NATIONAL ASSOCIATION, as Administrator, etc., Petitioner and Respondent, v. TERESA BANDUCCI et al., Objectors and Appellants.

Allen H. Trant for Objectors and Appellants.

Tinning & DeLap, Carlson, Collins, Gordon & Bold, Francis A. Watson, Jr., and Robert Eshleman for Petitioner and Respondent.

SULLIVAN, J.—Respondent administrator (hereafter referred to as respondent) has moved to dismiss the appeal on the ground that it is frivolous.

In *Toohey* v. *Toohey* (1950) 97 Cal.App.2d 84, 85 [217 P.2d 108], we said: "The appellate courts are reluctant to dismiss an appeal on the ground of frivolity. Normally, the determination that an appeal is frivolous requires a full consideration of the case on its merits, and for that reason should only be considered after full briefing by both litigants. But this is a rule of policy, not one of power. The appellate courts possess inherent power to dismiss an appeal where an examination of the judgment roll discloses that the appeal is frivolous, or where a mere inspection of the record discloses that no relief can be granted appellant. . . . Stated another way, where the interests of justice require it, the court may exercise such power." (Citing *Estate of Wunderle* (1947) 30 Cal.2d 274 [181 P.2d 874]; *Williams* v. *Duffy* (1948) 32 Cal. 2d 578 [197 P.2d 341].) We have concluded that the instant case falls within the above rule.

The appeal herein is from an order confirming sale of real estate.[1] As the record shows, on *January 4, 1963,* respondent filed the return of sale and petition for confirmation thereof, upon which the order appealed from is based. It was duly noticed and set down for hearing on *January 21, 1963.* On *January 8, 1963,* respondent filed its "Petition For Authority To Exchange Right To Receive Note and Deed of Trust For Other Notes and Deeds of Trust." For brevity, we shall hereafter refer to said petition as the "Petition for Authority." It was also duly noticed and set for hearing on *January 21, 1963.*[2]

---

[1]Such order is appealable. (Prob. Code, § 1240; *Estate of Smead* (1938) 12 Cal.2d 20, 26 [82 P.2d 182].)

[2]Respondent in its Petition for Authority, after referring to the previous filing of its return of sale, alleged that if the sale were confirmed respondent would be entitled to receive from the purchasers

Although appellants had notice of the filing of the return of sale and of the hearing thereon, they filed no objections to it and did not even appear at the hearing. An "Order Confirming Sale of Real Estate and Allowing Commissions" was therefore made on *January 21, 1963,* without any objection from any person, and a formal written order was signed and filed on *February 5, 1963.* The Petition for Authority was not heard on January 21, 1963, but was ordered continued to *January 28, 1963.*

On this last date, appellants filed objections to the Petition for Authority. On *February 11, 1963,* such petition was ordered dropped from the calendar. On *March 14, 1963,* respondent filed a new Petition for Authority seeking substantially the same authorization as sought in the petition filed January 8, 1963. This new petition was set down for hearing on April 1, 1963. In the meantime appellants had filed their notice of appeal on *March 22, 1963.* The parties concede that the last mentioned petition is still pending.

In support of the motion to dismiss respondent contends that appellants, though having notice of the hearing, did not file opposition to the return of sale or appear and object at the hearing; that the verified petition for confirmation of sale alleging all necessary factual requirements was admitted in evidence and in addition thereto the court received other evidence; and that the appellants have therefore waived any objection to the order confirming sale and estopped from urging error on appeal.

In opposition to the motion to dismiss, appellants claim that "[r]espondent's administration of the estate is founded upon a certain 'Agreement Of Settlement Of Litigation'" between the parties; that contrary to the provisions of such agreement appellants' counsel had never been consulted nor participated in any decisions with respect to the sale of the property as attorney for the appellants; and that "[a]s is apparent from the exhibits to this declaration,[3] the appel-

a single note and deed of trust for the balance of the purchase price and sought authorization to exchange the right to receive said single note and deed of trust for the several notes and deeds of trust of the various purchasers and to issue several deeds in lieu of a single deed. The return of sale was set for hearing at 9:30 a.m. in Department 7 but appears to have been heard at 1:30 p.m. in Department 5. The Petition for Authority was set for hearing at 1:30 p.m. in Department 5.

[3]Declaration of Allen H. Trant, appellants' counsel, filed in opposition to motion to dismiss appeal.

lants have at all times opposed sale to these purchasers on terms approximating those indicated in the clerk's certificate."

When the present motion first came on for hearing we granted appellants' motion to augment the instant record to include the documents attached as exhibits to appellants' declaration in opposition. Such exhibits disclose these earlier procedural events: On *November 15, 1962,* the respondent filed a return of sale covering the same real property for a sales price of $875,320 instead of $904,100 as in the return which was confirmed. On the same date respondent filed a Petition for Authority substantially the same as those discussed by us above by which it sought authorization to exchange its right to receive a single note and deed of trust for several notes and deeds of trust. On or about *November 27, 1962,* appellants filed "Objections to Confirmation of Sale and To Exchange of Notes and Deeds of Trust" and on or about *December 6, 1962,* filed supplemental objections to both the confirmation and the exchange. The matter came on for hearing on *December 7, 1962.* In addition to having their foregoing objections on file, appellants appeared by counsel at the hearing and objected to the confirmation of the sale. As a result, the court refused to confirm the sale.[4]

The record shows that respondent thereafter gave and duly published a new notice of the time and place of the sale of the real property which was to be held on or after *December 24, 1962.* The sale returned to and confirmed by the court was made pursuant to the foregoing notice.

On oral argument of the present motion appellants conceded that they had notice of the hearing of the return of sale on January 21, 1963, and that they did not appear at such hearing. Their position seems to be that their objections to the first return of sale which was heard on December 7, 1962, in some way persisted and remained effective in respect to the second return of sale.

The principles of appellate review are well settled that questions not raised in the trial court will not be considered on appeal (*Damiani* v. *Albert* (1957) 48 Cal.2d 15, 18 [306 P.2d 780]; see 3 Cal.Jur.2d, Appeal & Error, § 140,

---

[4] The court's minute order entered December 10, 1962, states: "The court is of the opinion that the notice of sale was insufficient; and in view of the evidence at the hearing of the value of the property in question the notice should be re-advertised and the pending sale is not confirmed."

p. 604 and cases there collected) and that an appellant will not be heard to urge error which he is estopped to urge or which he has waived by failure to make proper objection in the court below. (See generally 4 Cal.Jur.2d, Appeal & Error, § 555, pp. 418-420 and cases there collected.) These principles apply to appeals in probate proceedings. ▮ The appellants in the instant cause, having had notice of the return of sale and of the time and place of the hearing thereon and having failed to file objections thereto in the court below and to appear at the hearing and object to said return and petition for confirmation, must be deemed to have waived any objection thereto and to be estopped to urge any error on appeal. (*Estate of Levy* (1904) 141 Cal. 639, 643 [75 P. 317]; *Estate of Rohrer* (1911) 160 Cal. 574, 577 [117 P. 672, Ann. Cas. 1913A 479]; *Estate of Dombrowski* (1912) 163 Cal. 290, 297 [125 P. 233]; *Estate of Randall* (1922) 188 Cal. 329, 334 [205 P. 118]; *Estate of Michels* (1936) 18 Cal.App.2d 201, 203 [63 P.2d 333]; *Estate of Dow* (1949) 91 Cal.App.2d 420, 432 [205 P.2d 698]; see generally 20 Cal.Jur.2d, Executors and Administrators, § 92, pp. 134-136.)

▮ Objections made to the first return of sale heard December 7, 1962, did not constitute objections to the second return of sale heard on January 21, 1963. The latter proceeding can by no process of reasoning be construed as part of the former. The return and petition for confirmation of sale held on January 21, 1963, was in fact and in law a separate and independent proceeding, brought on a new return and petition, and involving a separate transaction of sale which had been concluded by respondent pursuant to a new and different notice of sale, new bidding procedure, at a different price, on a different date, and to be precise with a different group of purchasers.[5] We have not found nor have we been referred to any authorities supportive of the proposition that in the administration of estates of decedents, objections filed in respect to one proceeding continue in effect after it has been concluded and apply automatically to other separate proceedings thereafter brought. It is hardly necessary to elaborate on the effect such a rule would have on the orderly

---

[5] This difference may or may not be substantial depending on whether the pending Petition for Authority is ever granted. Only 4 of the 16 purchasers named in the first return of sale are named in the second return. Nor are the group of purchasers in the first return of sale and the group of vestees in the last Petition for Authority now pending identical.

supervision of estates. In our view, unless one probate proceeding is joined with or incorporated in another by appropriate reference, stipulation or order, each proceeding is separate culminating in an order, decree or other judicial disposition. Review of such order or decree, if appealable, is confined to matters relevant thereto or to the part thereof appealed from. (See 20 Cal.Jur.2d, Executors and Administrators, § 91, p. 131.) We think that when, as here, a petition within the jurisdiction of the court, duly noticed, is brought on for hearing without any objection filed or made by an appearing party, the probate judge is entitled to proceed with its disposition on the basis that it is unopposed without having to consider objections to previous proceedings appearing in the probate file.

Although appellants objected to the first return of sale filed November 15, 1962, a mere examination of the instant record shows that they did not object to the second return of sale filed January 4, 1963. While they might have reiterated in respect to the latter, grounds of opposition advanced against the former, the plain fact is that they did not. Indeed we think it is significant that when on January 28, 1963, one week after the sale was confirmed, the appellants filed objections to respondent's still pending Petition for Authority, they referred to the confirmation of the sale as a basis for their objections to respondent's acceptance of notes and deeds of trust other than and in lieu of the note and deed of trust specified in the original terms and conditions of sale and approved by the court. Nowhere among such objections do we find any language stating or implying that appellants had objected to such order of confirmation.

We conclude that appellants took the position of not objecting to the sale but objecting to the exchange of one note and deed of trust for several notes and deeds of trust. If so disposed, they can still assert such objections to respondent's pending Petition for Authority.

The appeal is dismissed.

Bray, P. J., and Molinari, J., concurred.