In the Matter of the Estate of ROSA C. QUINATA, deceased,
Appellee

JOSE PEREZ GUERRERO, Appellant

Civil No. 64-A

District Court of Guam

Appellate Division

July 30, 1970

Before GOODWIN, *District Judge*, and ABBATE, *Judge*,
Island Court of Guam

PER CURIAM

### OPINION

Jose V. Quinata and Rosa Cruz Quinata, husband and
wife, acquired a parcel of real estate located at Chalan
Pago, Sinajana, Guam. He died, and their son, Jose Cruz
Quinata, was appointed administrator of his father's estate.
During the pendency of the probate proceedings (they are
still pending), the wife executed a deed granting the parcel
to her daughter and son-in-law. This deed was executed in
March of 1954. It is regular in form and signed by the
wife as grantor.

Quaere: Under the law of Guam, was the widow capable
of transferring this real estate absent a decree of distribu-
tion of the Probate Court?

The property was community property at the time of the husband's death, and Section 201 of the Probate Code of the Territory of Guam provides that upon the death of the husband one-half of the community property vests in the surviving spouse, in this case, the wife, and, absent any testamentary disposition by the decedent of his undivided one-half interest, it is inherited by operation of law by the wife.

Immediately upon the death of the husband, the wife in this instance was the sole owner of this parcel, and her title was clouded only by the possibility of claims against the husband's estate and the expenses of administration. Her right to transfer, grant, or assign the property in question to any third person is not impaired because of a lack of a decree of distribution in the husband's estate. 16 Cal.Jur.2d 20, Sec. 18:

"The title to property of a decedent passes to his heirs immediately upon the decedent's death. Accordingly, the heirs may thereafter enter into contracts affecting inherited property or convey or assign their interest in it, subject to the payment of administrative expenses and debts of the decedent and to the temporary possession of the personal representative." *Michels Estate*, 18 C.A.2d 201, 63 P.2d 333.

"When Oscar L. Shafter departed this life, in 1873, the title to the land in question being vested in him, such title at once, and by operation of law, passed to his heirs, subject only to administration. 'The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and to the possession of any administrator appointed by that court for the purposes of administration.' . . . The title of the heirs did not originate in the decree of distribution, but came to them from their ancestor; and the settlement of the estate in the probate court, and the final decree of distribution in that court, only served to release their property from the conditions to which, as the estate of a deceased person, it was subject." *Bates v. Howard*, 38 Pac. 715 (Supr. Ct. of Cal., Dec. 22, 1894).

" 'Title to the real estate of the deceased intestate vests immediately in his heirs, . . . [which] title they may convey without administration . . . [subject to payment of debts].' True, the title thus conveyed is not a perfect title, in that the title will always be subject to the right of possession in a[n] administrator for the payment of claims of . . . creditors [and expenses of administration]."

The Island Court held that the claim of the appellant grantee filed in the probate proceedings in the estate of the deceased grantor was barred (1) by the statute of limitations, and (2) because of a failure of the grantor to comply with the Probate Code of Guam requiring court approval of transfers of real estate in probate proceedings.

The deed from the deceased widow to her daughter and son-in-law is a completed contract. Nothing remained to be done. Therefore, the statute of limitations has no application to the facts of the instant case.

The Court concludes that the lower court was in error in nullifying the transaction evidenced by the deed from Rosa Cruz Quinata to Jose Perez Guerrero and his wife, Dolores Quinata Guerrero, and that said cause should be remanded to the lower court and a decree entered confirming title to said property in the appellant, subject to any liens, as provided by the Probate Code of the Territory of Guam.