Filed 8/19/15  Tufano v. Kaza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SUZANNE TUFANO, | H039226 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. CV174928) |
| v. | |
| JOHN KAZA, | |
| Defendant and Appellant. | |

John Kaza, in propria persona, appeals after the trial court granted a civil harassment restraining order (Code Civ. Proc., § 527.6) directing him to stay away from Suzanne Tufano.  On appeal, Kaza raises numerous arguments regarding the service of the restraining order, the validity of the court's order, and Santa Cruz County's jurisdiction over the matter.

We affirm the judgment.  Kaza has failed to provide citations to legal authority in his brief and he has not presented us with reasoned arguments in support of his contentions.  Therefore, he has waived all of his claims on appeal.  Additionally, even if we were to consider the merits of his arguments, we find Kaza has not met his appellate burden to demonstrate the trial court erred.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Factual basis for the restraining order*

On August 17, 2012, Tufano filed a request for a civil harassment restraining order (Code Civ. Proc., § 527.6).  The request contained the following summary of facts:

Tufano was a medical device representative for a company that manufactures pacemakers. Kaza used a pacemaker manufactured by the company that employed Tufano. Kaza and Tufano had several interactions, because part of her job duties included performing support patient checks. Tufano asserted all interactions she had with Kaza were strictly professional.

In June 2012, Tufano said she received a letter from someone who identified himself as "R. Flores." The letter included a plaque with a poem. Kaza later admitted to sending the package addressed from "R. Flores."

In July 2012, Tufano received a packet of love letters, photographs, and a DVD. The letter encouraged Tufano to enter into a romantic relationship with Kaza and also suggested the pair travel together to the Seychelles and Bora Bora. Approximately a week later, Tufano was approached by a stranger who asked if she was "Suzanne." The stranger handed Tufano travel magazines for the Seychelles and Bora Bora, a plant, and an envelope containing a photograph showing her name on Kaza's door.

The next day, Tufano's employer called Kaza and requested he stop contacting Tufano. Kaza hung up on Tufano's employer. However, Tufano's employer sent a follow-up letter requesting Kaza cease and desist further contact with Tufano, warning him that legal action would be taken if he continued his course of conduct.

In August 2012, Tufano received an e-mail from a childhood friend. Her friend said she had been contacted by Kaza, and Kaza had asked her to tell Tufano to check his Web site. When Tufano checked the Web site, she saw Kaza had written a blog post expressing his intent to continue contacting Tufano. The post also contained sexual innuendo directed at Tufano, including a poem that Tufano perceived as requesting a picture of her chest.

*Procedural history*

After Tufano filed her request for a restraining order, the court issued a temporary restraining order that Tufano attempted to serve on Kaza. An investigator performed a public records search and found an address for Kaza, which was a commercial mail receiving agency called "The Post Box." The investigator was unable to personally serve the documents. Instead, he served the papers to the clerk at The Post Box.

At a hearing on September 6, 2012, an attorney named Jeff Bosshard appeared and stated he was representing Kaza. Bosshard said he was authorized to accept service of the restraining order documents on behalf of Kaza. The trial court reissued the temporary restraining order so the documents could be served on Bosshard. Tufano filed a proof of service executed on September 12, 2012, indicating the restraining order documents had been mailed to Bosshard.

A few days later, Bosshard faxed a letter to Tufano's attorney, asserting he was not authorized to accept service of the documents on Kaza's behalf. Bosshard's letter stated that Kaza had already received the restraining order documents left for him at his post box.

On October 18, 2012, the trial court found Kaza had been personally served and reset the matter for a hearing. The court also authorized Tufano to serve Kaza with the temporary restraining order documents by publication in Santa Cruz County. Tufano published the documents in the Santa Cruz Sentinel on October 21, October 28, November 4, and November 11, 2012.

On November 20, 2012, the trial court conducted a hearing at which Tufano testified. Kaza did not appear. After hearing Tufano's testimony, the court granted her request for a civil harassment restraining order against Kaza. Kaza appealed. In his notice of appeal, Kaza indicated he was appealing from a "default judgment" entered on November 20, 2012.

3

## DISCUSSION

1. *The Notice of Appeal*

As a threshold matter, we address Tufano's claim that Kaza's appeal should be dismissed, because his notice of appeal is deficient.

Although "a notice of appeal must be liberally construed, it is the notice of appeal that defines the scope of the appeal by identifying the particular judgment or order being appealed." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967; Cal. Rules of Court, rule 8.100(a)(2).)[1] "Care must be taken in drafting the notice of appeal to identify the order or judgment being appealed so as not to mislead or prejudice respondent." (*Morton v. Wagner*, *supra*, at p. 967.)

Here, Kaza's notice of appeal asserts he is appealing from a "default judgment" entered in the case. As Tufano points out, there was no default judgment in the underlying proceedings. Therefore, this part of the notice of appeal, taken alone, would be ambiguous.

However, Kaza's notice of appeal also includes a notation that he is appealing from a judgment entered on November 20, 2012. Attached to the notice is the civil harassment restraining order, which was filed on November 20, 2012.

Based on the foregoing, we find it is reasonably clear that Kaza sought to appeal the civil harassment restraining order. Accordingly, we construe his appeal as being taken from the restraining order.

2. *Waiver of Arguments*

Next, we must address the sufficiency of Kaza's appellate briefing. It is apparent that his brief presents numerous arguments attacking the validity of the restraining order.

---

[1] Unspecified rule references are to the California Rules of Court.

However, he fails to follow many of the rules governing appellate briefing, making it impossible for us to discern and evaluate his claims.

### a. **Inadequate citations**

Pursuant to rule 8.204(a)(1)(C), an appellate brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." Additionally, an appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).)

Kaza has not provided any citations to the record in his opening brief or his reply brief. His briefs are therefore in "dramatic noncompliance with appellate procedures." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) " 'The appellate court is not required to search the record on its own seeking error.' " (*Ibid.*) Therefore, " '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived.' " (*Ibid.*)

Kaza is representing himself on appeal. However, he is not exempt from court rules. A party representing him or herself on appeal "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) Like represented litigants, Kaza must follow the appropriate appellate procedures. (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1247.) He fails to do so here, and we find he has waived his arguments on appeal.

### b. **Failure to provide reasoned legal argument**

Aside from his deficiencies in citing to the record, Kaza also fails to make reasoned legal arguments and to provide analysis in support of his contentions.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate

5

practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of affirmatively demonstrating error. (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.)

"Where a point is merely asserted . . . without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved of on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3.) "An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Again, Kaza is not exempt from these requirements simply because he is appearing in propria persona. (See *Stokes v. Henson* (1990) 217 Cal.App.3d 187, 196.) However, none of Kaza's arguments on appeal are supported by cogent, reasoned analysis.[2] His arguments merely consist of numerous conclusory statements that lack citations to relevant legal authority or to the record. Accordingly, Kaza has failed to meet his appellate burden to demonstrate error and has waived all of his arguments on appeal. It is not our role to construct Kaza's arguments for him.

---

[2] In his table of authorities, Kaza notes that "[t]here are no authorities cited" in his opening brief. The reply brief states "None."

Kaza's failure to adhere to the rules of court already compels us to affirm the court's order. Furthermore, even if we attempted to consider the merits of Kaza's discernible arguments on appeal, we would find Kaza has failed to meet his burden to demonstrate the existence of error.

3. *Kaza's claims*

a. **Jurisdiction and venue**

Kaza appears to argue that Santa Cruz County has no personal jurisdiction over him, because he does not reside in the county. It seems Kaza mischaracterizes the nature of his argument. As his claim is that he had never had contact with Tufano in Santa Cruz County, his argument about jurisdiction is actually an argument about the proper venue for Tufano to bring her request for a restraining order.

" 'Except in a few cases in which the Constitution makes the place of trial jurisdictional [citation] or a statute makes a local place of trial part of the grant of subject matter jurisdiction, venue is not jurisdictional [in the fundamental sense].' " (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 121, italics omitted.) Traditionally, objections as to venue are waived by a party if not raised in the underlying litigation. (See Code Civ. Proc., § 396b, subd. (a).) Here, there appears to be nothing in the record to indicate Kaza objected to Santa Cruz County as the proper venue for Tufano's civil action against him.[3] Accordingly, he has waived this argument.

---

[3] Kaza elected to proceed in lieu of a reporter's transcript. Therefore, we have no way of knowing whether any oral objection was made during the hearings on the matter. " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. . . .' ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [Kaza] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [him].' " (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

b. **Service of the restraining order**

Kaza also argues he was never served with the restraining order documents. However, as Tufano points out, the record reflects that she served the documents on Kaza.

A civil harassment restraining order must be served "in the manner provided by law for personal service of summons." (Rule 3.1152(c).) Personal service means service that is accomplished by delivery of the summons or complaint to the individual to be served. (Code Civ. Proc., § 415.10.) A defendant may also be " 'personally served' by delivering a copy of the summons and complaint to an agent authorized to accept service on behalf of that defendant. ([Code Civ. Proc.,] § 416.90; see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) ¶¶ 4:128 to 4:132, pp. 4-19 to 4-21; ¶ 4:184, p. 4-27 (hereafter Weil & Brown, Civil Procedure Before Trial).)" (*American Exp. Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 389.)

On August 31, 2012, Tufano filed a declaration written by a process server who attested he had served the papers to a clerk at a store called The Post Box, which was a commercial business that provides post office boxes to customers including Kaza. Business and Professions Code section 17538.5, subdivision (d)(1) provides in pertinent part that "[e]very person receiving private mailbox receiving service from a CMRA [(commercial mail receiving agency)] in this state shall be required to sign an agreement, . . . which authorizes the CMRA owner or operator to act as agent for service of process for the mail receiving service customer. Every CMRA owner or operator shall be required to accept service of process for and on behalf of any of their mail receiving service customers . . . ." Based on the foregoing, it appears Kaza was properly served when the documents were given to the employee at The Post Box.

Additionally, in a signed order after a hearing dated September 6, 2012, the court found that Kaza had been served at the hearing. The court's October 18, 2012 order

8

allowing Tufano to serve the documents by publication also asserted that service had previously been completed on his attorney. Thus, the court found that personal service was effected by service on Kaza's attorney at the September 6, 2012 hearing. Kaza contests whether his attorney made a general appearance, but the judgment of the lower court is presumed correct and we must presume that the evidence is sufficient to sustain its findings. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Accordingly, Kaza has failed to affirmatively show any error with the court's determination that he was personally served. (Code Civ. Proc., § 527.6, subd. (p)(1); *id.*, § 1014 [defendant appears in action when attorney gives notice of appearance for the defendant]; *id..*, § 410.50, subd. (a) [general appearance by a party equivalent to personal service of summons].)

Kaza elected to proceed without a reporter's transcript. Therefore, we are unable to meaningfully review his claim that the service of process was defective. We have no way of knowing what arguments the court considered when it deemed Kaza served. (See *Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.) His failure to produce an adequate record on this issue means the issue must be resolved against him. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

c. **Consensual contact**

Kaza also makes several unsupported arguments about the nature of the contacts between himself and Tufano. He claims, for instance, that the contact was consensual. He also claims he was never notified to stop contacting Tufano.

However, it does not appear that Kaza pointed out these alleged deficiencies in the proceedings below.[4] "The principles of appellate review are well settled that questions

---

[4] Again, we reiterate that because Kaza elected to proceed without a reporter's transcript, there is nothing in the record to indicate what arguments or objections were presented to the trial court during the proceedings in the underlying matter.

not raised in the trial court will not be considered on appeal [citations] and that an appellant will not be heard to urge error which he is estopped to urge or which he has waived by failure to make proper objection in the court below." (*Estate of D'Avila* (1963) 217 Cal.App.2d 123, 126-127.) Since Kaza did not object on this basis, he has waived these arguments on appeal.

Furthermore, "[w]hen the trial court has resolved a disputed factual issue, the appellate courts review the ruling according to the substantial evidence rule. If the trial court's resolution of the factual issue is supported by substantial evidence, it must be affirmed." (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) There is substantial evidence in the record to support the factual determinations that the contact between Kaza and Tufano was not consensual and that Kaza was told to stop contacting Tufano.

d. **Failure to require Tufano to recount the basis of her petition**

Lastly, Kaza argues the trial court abused its discretion because it did not require Tufano to recount the basis of her petition. Additionally, he claims the court's order granting the petition was made in error, because none of the facts alleged in the petition were independently verified by nonparty witnesses.

Again, since we do not have the reporter's transcript of the hearing, we cannot determine what evidence Tufano submitted to the trial court in support of her petition. " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [Kaza].' " (*Foust v. San Jose Construction Co., Inc.*, *supra*, 198 Cal.App.4th at p. 187.)

Furthermore, Code of Civil Procedure section 527.6, subdivision (i), states that "[a]t the hearing [on the petition for the injunction], the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting

10

the harassment." The statute does not require corroboration by a nonparty witness for an injunction to be issued, only that the judge find, by clear and convincing evidence, that the harassment exists.

## DISPOSITION

The order is affirmed.

                                                                   _____

                                                             Walsh, J.[*]

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

Tufano v. Kaza
H039226

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.